JAMES M. GILLETT, Plaintiff in Error.

*vs.*

RUFUS P. EATON, Defendant in Error.

ERROR TO FOND DU LAC CIRCUIT COURT.

The holder of the equity of redemption cannot recover in ejectment against the mortgagee, or his assigns, lawfully in possession of mortgaged premises after condition broken.

*Quære.* Whether, in an action *at law,* it is competent to show by parol or other testimony, that a deed, absolute upon its face, was given to secure the payment of a sum of money, and was, therefore, in fact an equitable mortgage?

The plaintiff in error brought an action of ejectment against the defendant in error to recover possession of the N. W. ¼ of Sec. 26, T. 17, R. 18, Fond du Lac County.

Upon the trial of the issue in the cause, the plaintiff introduced the original patent from the United States, and a regular chain of title from the patentee to himself of the premises described in his declaration. Among the deeds given in evidence, and a necessary link in said chain of title, was a quit-claim deed from John L. B. Mines and wife, executed by Samuel W. Beall, their attorney, to the plaintiff, bearing date the 26th day of January, 1854, conveying said premises, followed by the introduction of a power of attorney under seal, dated the 15th day of December, 1848, from said Mines to said Beall, containing the following authority: "To sell, dispose of and convey all my real estate, lands and tenements lying and being in said county of Fond du Lac, (Wisconsin); and to execute deeds and other assurances of title, which may be necessary in the law, and to receive and receipt for the consideration paid for the same or any part of the same; and I hereby authorize and empower the said Beall to sell said lands for

such sum or sums of money as to him may be considered right and expedient."

The defendant, on his part, gave in evidence a warranty deed of same premises from said Mines, by Samuel W. Beall, his attorney, to George N. Lyman, bearing date Dec. 18, 1848, duly recorded. Also a quit-claim deed from said George N. Lyman to the defendant, of the same premises, dated July 14, 1852, duly recorded, containing the following provisions: "The premises above mentioned and hereby intended to be conveyed, are derived under and by virtue of a deed of conveyance, bearing date the 18th day of December, A. D. 1848, made and executed by John L. B. Mines, by Samuel W. Beall, his attorney in fact, to the above named George N. Lyman; and this conveyance is subject to any and all equitable claims which said John L. B. Mines may have to said premises, or any part thereof, under or by virtue of a certain contract or bond, bearing date the 18th of December, 1848, executed by the said George N. Lyman, by which said Lyman obligated himself and his assigns to convey, by quit-claim deed, the above described premises to the said Mines, his heirs and assigns, provided he or they paid the said Lyman, or his assigns, the sum of one hundred and seventy dollars on the first day of April, A. D., 1849."

The plaintiff then called Samuel W. Beall, who testified that another writing was made at the same time with the deed from Mines to Lyman, and was a part of the same transaction, and that the paper there presented to him was the same.

The paper referred to and identified by the witness was a bond executed by the said George N. Lyman, on even date with the deed of Mines to him, in the penal sum of one thousand dollars, conditioned, that upon the payment by said Mines, his heirs, &c., of the sum of one hundred and seventy dollars, on or before the first day of April then next ensuing, the said Lyman should execute a quit-claim deed of conveyance to said Mines, his heirs, &c., of the premises in controversy. This bond was also recorded on the 2d day of April, 1849, in the records of mortgages of Fond du Lac County.

To the introduction of this paper in evidence the defendant objected, and his objection was sustained by the court, and an exception taken.

The plaintiff also offered to prove the real consideration of the said deed from Mines to Lyman, and also that the value of the premises was at the making thereof, much more than the one hundred and seventy dollars mentioned in the writing and in the said deed from Lyman to defendant. To the admission of which evidence the defendant also objected, which objection was sustained by the court, and the plaintiff excepted.

The plaintiff also offered to prove that said Beall, as attorney for said Mines, executed the said deed to Lyman to secure the payment of an individual debt of his (Beall's) own, and for a loan of money he then made of said Lyman, and for his own individual use, which together made up the said sum of $170, mentioned in the writing, and formed the only consideration for said conveyance. To which the defendant objected, which objection was sustained by the court, and exception taken.

The plaintiff also offered to show, by parol, that the said deed from Mines to Lyman was executed and received as a mortgage, and was so intended by said Beall and Lyman, and that the defendant, when he received his deed from Lyman had full notice of that fact, both by the deed he so received and also by parol.

This evidence was also objected to by the defendant, and was excluded by the court and exception taken by plaintiff.

The jury found for the defendant.

*Eldridge & Waite*, for Plaintiffs in error.

The court erred in rejecting the bond or instrument of the 18th Dec., 1848. The evidence of Beall shows that this instrument was made at the same time with the instrument from Mines to Lyman, purporting on its face to be an absolute deed, and that the making and executing of both instruments were one and the same transaction. The dates of both are the same, and both describe the same premises, which are sought

to be recovered in this suit. Whatever the effect of this testimony, the plaintiff had a right to have it go to the jury as a part of the instrument already before them.

But its legal effect was, we contend, to change entirely the *apparent* character of the instrument of the same date from Mines to Lyman. Upon its face, apparently, an absolute deed of conveyance, by the instrument offered in evidence and excluded by the court, it is shown to be a mortgage, a mere security for money. An absolute deed of land accompanied by a stipulation, either in or out of the deed, that the estate shall be reconveyed on payment of money, is a mortgage.

Erskine vs. Townsend, 2d Mass. 493. Taylor vs. Weld, 5th Mass. 109. Casey vs. Rawson, 8th Mass. 159. Harmon vs. Phillips, 12th Mass, 456. Scott vs. McFarland, 13th Mass. 309. Eaton vs. Whitney, 5th Pick. 181. Rice vs. Rice, 4th Pick. 394. 1st Johnson's Cases, 95. Stowe vs. Tefft, 15th Johnson R. 463. 38 Maine, 447. 2 Hilliard on Mort., 161. 3 Wend., 208.

It can make no difference that this bond was not under seal. The Statute then in force in this State, if there were any question without it, determined that question. Stat. of Wis. 1839, p. 181, sec. 18.

Nor can it make any difference that the instrument expresses upon its face, no consideration, or that it was not signed by the grantor, Mines. The acceptance of it by Mines, bound him as fully as though he had executed it. And it being executed at the same time and as part of the same transaction, as the deed from Mines to Lyman, the consideration of the one was the consideration for the other. McCrea vs. Purmort, 16th Wen. 460.

Parol proof of the fact that this deed from Mines to Lyman, was given and received as security for money, was competent. Walton vs. Crowly, 14th Wen. 67. 4th Kent's Com. 142. Swart vs. Servia 21st Wen. 36. Webb vs. Rice, 1st Hill 606. Hodges vs. Tenn. Ins. Co., 4th Selden 418.

It is true that in the cases there is conflict upon this point. But there is no case we think where an instrument like the one

here claimed and offered as a defeasance to the deed from Mines to Lyman, was ever held in principle or effect inadmissible. If this court shall come to the conclusion that the fraud practiced in this case, of setting up this deed as absolute when it was intended only as a mortgage, ought not to be met by parol proof, still we contend that the facts surrounding the transaction, in connection with the written defeasance, were competent. The consideration of the deed from Mines to Lyman was a proper subject of inquiry, and the court erred in rejecting the first offer. The consideration clause was always open to parol proof. McCrea vs. Purmort, 16th Wen. 460.

If the defeasance offered, or the parol proof had been admitted, it would have shown beyond question or cavil, that the deed from Mines to Lyman was in fact a mortgage. If a mortgage, then the plaintiff was the legal owner of the premises, and entitled to recover. Green vs. Hart, 1st Johnson 590. Ruman vs. Mersereau, 12th Johnson 537. Gardiner vs. Heartt, 3d Denio 234.

The defendant cannot set up an outstanding equity to defeat the legal title. A mortgage is a mere security, it is nothing more than a mere lien upon land of which the mortgagor is the legal owner. The defendant could not therefore set it up to defeat the recovery. 6th Hill 472. Raynor vs. Wilson. 19 J. R. 325. 15 J. R. 204. The deed from Mines to Lyman was executed by Beall, as attorney of Mines; and the power of attorney, under which Beall acted, only authorized Beall to sell, receive payment and convey or execute deeds. It gave him no power to convey to secure his own debts. A conveyance for such purpose would be void, as between the parties, and all persons having notice thereof. It was a fraud upon Mines, and Lyman could not be permitted to hold the land as against Mines. Nor could Lyman's grantee, with full notice of the fact that the deed from Mines, by Beall as attorney for him, had been made either in payment or as security for Beall's private debt. 11 Wend., 533.

All the testimony offered in the three several offers of plaintiff was proper, and ought to have been admitted; if not

to show that the deed, absolute on its face, was in fact a mortgage, certainly to show the deed void as not being authorized under the power. Hubbard vs. Elmer, 7 Wend., 445; Story on Agency, §68, 165.

The deed from Mines to Lyman was a warrantee deed. Beall was not authorized to covenant under the letter of attorney. If the deed was void in part it was void *in toto*. Nixon vs. Hysseret, 5 J. R. 58; Dunlap's Paley's Agency, 178 note.

The attorney, under this letter, could never make a valid deed, with the consideration thereof passing directly to the attorney, and not to the principal. The facts offered to be proved were proper as *res gesta*, and the validity of the deed should have been left to the jury. North River Bank vs. Aymar, 3 Hill, 265.

*E. S. Bragg* for defendant in error.

" M," on the 18th day of December, 1848, by an absolute warranty deed, conveyed to " L " the premises in controversy; on the 14th July, 1852, " L " conveyed to " E," which last deed contained a recital that the same was *subject to all and any equitable claims* " M " might have to the premises by virtue of a contract or bond to " M," executed on the 18th day of December, 1848, by which " L " obligated himself to con- vey the said premises to " M," provided he paid $170 by April 1st, 1849.

In August, 1854, " G," who had received a quit-claim from " M ;" brought ejectment against " E " for the premises and sought to recover on the strength of " M's " title.

I. The errors complained of, are, that the Circuit Judge ruled the deed from " M " to " L " did not of itself constitute a mortgage, nor did the deed from " L " to " E " constitute the former deed a mortgage, and would not permit the plaintiff to prove that it was designed and intended as a mortgage.

For the purpose of this branch of the argument, it may be conceded, that as abstract propositions, each of these decisions were erroneous.

But, if those errors were immaterial, Cooper vs. Blood, 2d

Wis., 62; or if the whole case shows the plaintiff could not have recovered, the errors by legal necessity did no injury, and are not causes for disturbing the judgment, People vs. Wiley, 3 Hill 194.

The deed from " M " to " L " was a deed or a mortgage. If it were a deed, the defendant had the better title, and the plaintiff could not recover. If it were a mortgage in what better position does the plaintiff stand? There is no agreement shown or offered to be shown, that the mortgager, *i. e.*, the plaintiff, should retain possession, but on the contrary he expressly covenants *to warrant and defend the mortgagee in the possession*, which effectually repels the presumption that might otherwise obtain from long usage, that he was to retain the possession—nothing being shown to the contrary. In whom did the legal title rest under such a conveyance?

But, suppose we concede, all the plaintiff can ask, that the legal title did not pass on the execution of that conveyance, because it was a mortgage. How much better does the plaintiff's case stand now? It must certainly be conceded, both at law and equity, that the legal title to the estate, after forfeiture, vests in the mortgagee. 4 Kent Com. 140, 154. 1 Story Eq. S. 1013 and 1017. Adams' Eq. 256 and 258, note (1) and cases cited. 1 Bouvier 347 and 8. Ewds vs. Hughes, 9 Wheaton 489, 499. Bacon's Abridg't Title Mortgage—Law Books, *passim.* 3 Cush. 128.

By reference to folio 10, it will be perceived that the condition which was sought to be engrafted upon the conveyance, to constitute it a mortgage, was forfeited on the 1st day of April, 1849.

Hence, if our law be correct, the plaintiff on his own case, had it all been in evidence and established precisely what he offered, would have shown the legal title in the defendant, and himself the owner of the equity of redemption merely. And, is not the rule settled, that in ejectment the legal must prevail over the equitable estate. 1 Hilliard on Mort., 326, and cases cited; 2 J. R., 84; 3 East, 175; 14 Pick. 374, 329; 15 Wend. 248; 4 Wend. 369, 1 J. C. 114; 8 Cow. 543; 4 J. R. 216, 10

ib. 481; Adams on Ejectment 43, and cases cited; 2 J. C. 321, 9 Cowen 88; 3 Barbour S. C. 554; 6 Vermont 602; 9 Serg't. and Rawle 87.

Hence we may safely conclude, that if the Judge did err, the error from legal necessity could do no injury, and did not injure the plaintiff, and he can have no ground of complaint.

II. In our first point we have granted the plaintiff's case, and assumed that the deed of 18th December, 1848, from "M" to "L," was a mortgage. But was that conveyance a mortgage in law? Or was it upon the papers a conditional sale? Do the papers show that the transaction was a loan, or that the deed was given as security for a debt, the debt still remaining, or that the sum for. which "L" agreed to convey was the same, or nearly the same, which he paid, or that the sum which he paid was less than the value of the lands, or that "M" ever agreed to repay? These are tests by which to determine whether it was a mortgage or a conditional sale.

The paper offered in evidence was a mere "*nudum pactum*" of "L," it was without consideration, it was not "*inter partes*," and it was without seal.

This is the defeasance which is to engraft a new condition upon the deed. Whatever might be its effect, in conjunction with other evidence, upon a bill filed to redeem; the rule that where an agreement is under seal it shall not be contradicted or varied, except by one of equal solemnity, (2 Starkie Ev., 148, Com. Dig. Defeasance; 4 Hill, 584; 10 Wend., 180; 13 Id. 71,) effectually destroys the pertinency and effect of the paper in the action at law.

III. Did the Judge err in rejecting parol evidence, offered to show that the deed from "M" to "L" was a mortgage? It has been gravely doubted, and able authority can be cited to show that in equity, even, except in cases of fraud or mistake, such evidence will not be admitted. But, perhaps, Rogan vs. Walker establishes the rule in equity in this State to be different.

But at law, the current of authorities, ancient and modern, (excepting a digression for a time by the State of New York),

adhere to the wholesome rule of evidence held by the Judge in this case. 1 Vesey, Sen., 323; 1 Vesey,Jr., 241; 13 Mass., 443; 4 Pick., 518, 20; 5 Greenleaf, 381, 96; 7 Id. 435; 1 Fairfield, 350; 3 Id. 58; 2 Shepley, 89; 1 Murphy, 449; 1 Bay, 461; 1 Ala., 251; 9 Dana, 108; 5 Litt, 74; 4 Hill, 345, 6 Id. 219; 4 Selden, 416; 10 Barbour, 582; 1 Wis., 575; 2 Id. 584, 87, 8; 16 Barbour, S. C., 469; 15 Wend., 248; 6 Hill, 472; Adams Eq., 264.

*By the Court*, COLE J. The plaintiff in error, to make out his chain of title in the court below, among other deeds, offered in evidence a quit-claim deed from John L. B. Mines and wife, executed and acknowledged by Samuel W. Beall, their attorney, and bearing date January 26th, 1854, which was followed up by the introduction of a power of attorney under seal from Mines to Beall dated December 15, 1848. The defendant in error, upon his part, to defeat a recovery, gave in evidence a warranty deed of the same premises from Mines to his immediate grantor, George N. Lyman, which was also executed by Beall, as attorney, and bearing date December 18th, 1848. The defendant claimed under a quit-claim deed from Lyman to him, datedJuly14, 1852, which deed contained a provision that the same was subject to any and all equitable claims which Mines had upon the premises by virtue of a contract or bond bearing date December 18th, 1848, executed by Lyman, and by which he obligated himself to re-convey the premises to Mines, upon condition that Mines or his assigns paid him, Lyman, the sum of $170 on the 1st of April, 1849. To meet this case, the plaintiff in error produced the bond or contract referred to in the deed, and after proving it by the subscribing witness, proposed offering it in evidence, but it was objected to on several grounds and ruled out by the court. He also proposed proving by parol testimony, the real consideration of the deed from Mines to Lyman, and that it was considerably less than the value of the premises at the

time of conveyance; that Beall, as attorney of Mines, had executed the deed to Lyman to secure the payment of his own individual debt; that it was intended by the parties to be nothing but a mortgage, and that the defendant had notice of this fact at the time he took his quit-claim from Lyman; all of which testimony was objected to and ruled out by the court.

We do not deem it necessary to enter upon an examination of many of the questions raised by counsel in the argument of this cause. A few observations upon one or two elementary priciples of law will dispose of such of them as it is essential to consider.

It is to be remarked that it is a very familiar principle, that in an action of ejectment the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary. Adams on Ejt., 33. He must show a perfect legal title to the disputed premises. Now if we look into the plaintiff's case we find him producing in evidence, and relying upon it as a link in his chain of title, a deed from Mines, who was the source of title to both parties; which deed bore date January 26th, 1854, while it appeared from the defendant's case, that all the title which Mines had in the premises had been conveyed to Lyman in December, 1848, and subsequently had become vested in the defendant. But it was insisted that the deed from Mines to Lyman, though absolute on its face, was but a mortgage, and it was contended that it was competent to show that such was the character of that conveyance, as well from the written contract offered in evidence as parol testimony produced at the trial. Admitting that the true relation between the parties was a mortgage relation, the plaintiff having become the purchaser of the equity of redemption, and the defendant having acquired the mortgage interest of Lyman in the premises, and it is then to be considered whether the plaintiff could recover in the action against a mortgagee lawfully in possession after condition broken. And we are of the opinion that he could not. In the case of Phyfe vs. Riley, 15 Wend. 248, it was decided

that a mortgagee in possession of the mortgaged premises lawfully acquired after condition broken could not be dispossessed in an action of ejectment, and that the revised statutes of that State which contained a provision substantially like Sec. 53, Chap. 106, R. S., did not change the law in this respect. See Hill vs. Payson, 3 Mass., 560; Parsons vs. Wells, 17 Id., 469; Sherman vs. Abbott, 18 Pick., 448; Cutler vs. Lincoln, 3 Cush.; 1 Hill on Mortgages, 325, 326. If it be true that Lyman held these premises originally to secure the payment of $170; we suppose that by his conveyance he transferred his mortgage interest to the defendant. And this debt we presume is a subsisting incumbrance against the property. The plaintiff does not pretend that it has been discharged; but he seeks to recover possession of the premises without discharging it. We do not think he should be permitted to do this. For if the defendant is turned out of possession because he is in as a mere mortagee, he will be put to the trouble and expense of foreclosing his mortgage, and perhaps put to the necessity of taking legal steps to regain possession. It is not the policy of the law to encourage such litigation. And substantial justice will be better subserved by permitting the mortgagee to retain the possession which he has lawfully acquired, until the mortgagor, or those claiming under him, shall institute proceedings for the purpose of redemption. It therefore becomes unnecessary to consider the question whether in an action at law it is competent to show by such testimony as was offered in this case, that a deed, absolute upon its face, was intended as a mortgage. It has already been decided by this court, in Rogan vs. Walker et al, 1 Wis. R., 527, that parol proof is admissable in equity, to show that an absolute deed was intended only to secure the payment of money and was, therefore, an equitable mortgage, to which the equity of redemption will attach; but I am not aware that it has been decided in this State that, *at law*, an absolute deed can be turned into a mortgage by parol evidence. There is some conflict in the cases upon this point, but it is not necessary to examine them. See Hodges vs. The Tennessee Marine and Fire

Insurance Company; 4 Selden, 417; Webb vs. Rice; 6 Hill, 221; same case in 1 Hill, 606; Taylor vs. Baldwin et al; 10 Barb. S. C. R. 582; Cook vs. Eaton, 16 Id. 439, and cases cited by counsel and court in these authorities. But if the evidence offered had been admitted, and the point clearly established that the deed from Mines to Lyman was a mortgage, according to our view of the case the result could not have been different, and therefore no injustice was done to the plaintiff, even if the ruling of the court was erroneous.

Judgment of the court is affirmed with costs.