Mortgage Co. v. Gray.

THE EQUITABLE MORTGAGE COMPANY *et al.* v.
ANDERSON GRAY *et al.*

No. 13,344.   (74 Pac. 614.)

SYLLABUS BY THE COURT.

1. EJECTMENT—*Mortgagee in Possession—Case Followed.*   A mortgagee who has taken peaceable possession of the mortgaged property under a sheriff's deed, founded on a decree of foreclosure which was defective for lack of a necessary party defendant, cannot be dispossessed by the mortgagor in an action of ejectment before payment of the mortgage debt.   The case of *Stouffer v. Harlan,* post, 74 Pac. 610, applied and followed.

2. FORECLOSURE—*Subrogation.*   A purchaser at a mortgage-foreclosure sale is subrogated to the rights of the mortgagee.

3. PRACTICE, DISTRICT COURT—*Joint Motion for New Trial.*   A joint motion for a new trial in which parties who disclaim are included will be sustained as to those who do not disclaim if the grounds are sufficient.

Error from Sedgwick district court; D. M. DALE, judge.   Opinion filed December 12, 1903.   Reversed.

*Haughey & McBride,* and *A. I. Smith,* for plaintiffs in error.

*S. B. Amidon, J. F. Conly,* and *S. W. Shattuck, jr.,* for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action of ejectment.   Charles Seymour Grenfell and Harvey Ranking, trustees, were the assignees of a note for the sum $10,000, and a mortgage to secure its payment, executed to the Equitable Mortgage Company by Anderson Gray and Sarah, his wife.   The property involved was 800 acres of land in Sumner county.   The note was due June 1, 1893. In default of payment, Grenfell and Ranking, as trustees, on February 8, 1895, commenced an action on the note and to foreclose the mortgage.   Before this,

and on December 29, 1894, Anderson Gray, the mortgagor, was sentenced to be hanged for murder in the first degree. Gray and his wife and a son, Edwin, were made parties defendant in the foreclosure suit, but no service of summons was had on Gray. After he was taken to the penitentiary, waiting execution, plaintiffs in the foreclosure suit, by leave of the court, made three other children of Anderson Gray parties defendant, on the theory that they had inherited an interest in the land after the sentence of death had been passed on their father.

None of the parties defendant in the foreclosure action made any appearance except one Dorsey, who claimed to be the owner of the land under a deed from Gray. This deed was shown on the trial to have been given to Dorsey to indemnify him as bondsman of Gray, and was in legal effect a mortgage. In October, 1895, judgment was rendered on the note for the sum of $13,235.50, and a decree entered ordering the mortgaged real estate sold to satisfy that amount, together with interest and costs. The property was sold by the sheriff on June 29, 1896, and bought by the Equitable Securities Company. The sale was confirmed and a deed executed by the sheriff to the purchaser on September 11, 1896. About this time the Securities company, through its agents and tenants, went into peaceable possession of the premises. It has paid all taxes on the land since 1892.

In January, 1897, Anderson Gray was granted an absolute pardon by the governor. On September 10 of the same year he began this action of ejectment in the district court of Sumner county against the Equitable Mortgage Company, Grenfell and Ranking, trustees, Dorsey and wife, the Equitable Securities Company, and the tenants of the latter, to recover

possession of the mortgaged land, with rents and profits. A change of venue was taken to Sedgwick county. He recovered judgment for possession and for $1950 rents and profits. Defendants below complain here that the judgment was erroneous.

The case of *Stouffer v. Harlan*, post, 74 Pac. 610, disposes of the important and controlling question presented. It was there held that one who assumes possession of land under color of foreclosure proceedings believed by him to be valid, however defective they may be in fact, cannot be dispossessed in an action of ejectment by the mortgagor before payment of the mortgage debt. A full discussion of the rights of a mortgagee in possession will be found in the opinion in that case, with many authorities on the question referred to and their application considered. It is decisive of the present controversy.

The Equitable Securities Company having bought the land at the sheriff's sale under the decree of foreclosure, and having entered thereon peaceably, was entitled to all the rights of a mortgagee in possession. A sale under the decree operated as an assignment to the purchaser of the interest of the mortgagee in the premises. (*Stark et al. v. Brown*, 12 Wis. 572, 78 Am. Dec. 762; *Brobst v. Brock*, 10 Wall. 519, 19 L. Ed. 1002; Sheld. Subr. 2d ed. § 31; *Bryan v. Brasius*, 162 U. S. 415, 16 Sup. Ct. 803, 40 L. Ed. 1022.)

While counsel who instituted the foreclosure suit misinterpreted the statute respecting the estates of convicts, yet we have no doubt of their good faith in so doing. A defense was interposed in the court below, founded on the highest principles of equity and right. To permit a recovery of this land by the mortgagor without payment of the money which he received from the mortgage company, and which he in

Mortgage Co. v. Gray.

the most solemn form covenanted and agreed to pay, would be a perversion of equitable rules not to be countenanced in a court of justice.

The claim is made that the plaintiffs in error are not entitled to be heard in this court because in the joint answer filed by Grenfell and Ranking and the Equitable Securities Company the former, as trustees, in effect disclaimed, and when the joint motion for a new trial was passed on, it being no error to overrule it as to parties disclaiming, it was also properly overruled as to the Equitable Securities Company. The better rule is contrary to the contention of counsel. (14 Encyc. Pl, & Pr. 872, 873, and note ; *Boehmer v. Big Rock Irr. Dist.*, 117 Cal. 19, 48 Pac. 908.) The record shows that when the motion for a new trial filed by the parties named was overruled "the defendants and each of them saved an exception." We consider this form of an exception sufficient to save all rights of each of the parties joining in the motion.

The objection that the case prepared for this court was not made by the tenants, parties defendant below, and served on counsel for defendants in error, is highly technical. The record for this court was duly served on such tenants by counsel for plaintiffs in error, and said tenants are parties to the proceeding in error here.

The judgment of the court below will be reversed, with directions to proceed further in accordance with the views expressed in this opinion.

All the Justices concurring.