C. C. STOUFFER *et al.* v. JAMES S. HARLAN *et al.*

No. 13,369.   (74 Pac. 610.)

SYLLABUS BY THE COURT.

EJECTMENT—*Mortgagee in Possession—Rule Stated.*   A mort-
gagee of real property in possession of the mortgaged premises
after condition broken may not be dispossessed without the pay-
ment of the mortgage debt, unless his possesssion was acquired
under such circumstances that he ought not in equity to be per-
mitted to retain it.   One who assumes possession of the property
under color of foreclosure proceedings believed by him to be
valid, however defective they may be in fact, is within the pro-
tection of this rule.

Error from Lyon district court; DENNIS MADDEN,
judge.   Opinion filed December 12, 1903.   Affirmed.

*J. G. Hutchison*, for plaintiffs in error.

*Charles B. Graves*, for defendants in error.

The opinion of the court was delivered by

MASON, J. : Prior to 1889 C. C. Stouffer was the owner of a tract of land in Lyon county, subject to a mortgage to the Emporia Investment Company. It was arranged that a new mortgage maturing January 1, 1894, should be given in satisfaction or extension of the old one. For some reason it was agreed that, instead of Stouffer's executing the new mortgage himself, the property should be conveyed to one F. R. Stevenson, who should make the mortgage and then reconvey to Stouffer. This plan was carried out, although the formal reconveyance was not made until some time later. Stevenson's part in the transaction is of no moment, as he was merely acting for Stouffer. In April, 1889, this mortgage was bought by, and assigned to, Phineas Prouty. In 1891 Prouty died, and executors were appointed and qualified. In October, 1894, suit to foreclose the mortgage was brought by the Emporia Investment Company in the name of the executors, service being made upon Stouffer, a non-resident, by publication. The executors afterward ratified and adopted the act of the investment company in bringing the suit. A judgment of foreclosure was rendered and an order of sale was issued, from which the seal of the court was omitted. Under color of this process the property was sold by the sheriff and bid in by Richard D. Harlan, one of the plaintiffs. In October, 1895, at the request of the executors, a sheriff's deed was made to James S. Harlan, who held it for the estate, acting for and under the direction of the executors.

W. L. Loomis, as the tenant of Stouffer, occupied the property in 1895 and until about March 1, 1896, when Edwin Hawkins, to whom Harlan proposed to

lease it for the ensuing season, at Harlan's suggestion requested him to vacate as soon as his time as tenant expired, which he understood to be on March 1. Loomis did vacate the property accordingly prior to March 1, and after that date Hawkins entered upon it as the tenant of the executors, who thereby acquired its quiet, peaceable and exclusive possession and control. Stouffer had no knowledge of the foreclosure proceedings until the summer of 1896. In September, 1898, he began an action against Harlan and the executors for the recovery of the possession of the property and was defeated. He brings this proceeding to reverse the judgment.

The omission of the seal rendered the order of sale and all proceedings under it null and void. (*Gordon v. Bodwell*, 59 Kan. 51, 51 Pac. 906, 68 Am. St. Rep. 341.) Irrespective, therefore, of any question growing out of its being made to an apparent stranger to the proceedings upon which it was based, the sheriff's deed passed no title. The trial court held that the circumstances stated made the defendants "mortgagees in possession," and precluded the plaintiff from recovering the property without paying the mortgage debt. The question here presented is whether this ruling was correct.

The expression "mortgagee in possession" has been adopted by the courts and law-writers as a convenient phrase to describe the condition of a mortgagee who is in possession of mortgaged premises under such circumstances as to make the satisfaction of his lien a prerequisite to his being dispossessed, even in jurisdictions where the mortgage itself can confer no possessory right either before or after default; but the authorities are in some confusion as to what these circumstances are. It has been said that the possession

must be "lawfully" acquired (*Gillett v. Eaton*, 6 Wis. 30 ; *Tallman v. Ely*, 6 id. 244) ; that it is sufficient that it is acquired "peaceably" (*Hennessy v. Farrell*, 20 Wis. 46 ; *Brinkman v. Jones*, 44 id. 498) ; or "without force" (*Pell v. Ulmar*, 18 N. Y. 139, 142) ; that it must be taken under the mortgage and because of it (*Rogers v. Benton*, 39 Minn. 39, 38 N. W. 765, 12 Am. St. Rep. 613) ; that it need not have been given under the mortgage, or with a view thereto (*Madison Av. Bap. Ch. v. Oliver St. Bap. Ch.*, 73 N. Y. 82 ) ; that it must be by consent of the mortgagor, express or implied (*Rogers v. Benton*, 39 Minn. 39, 38 N. W. 765, 12 Am. St. Rep. 613) ; that it is not sufficient if obtained by an arrangement with the tenant of the mortgagor after his lease had expired (*Russell v. Ely et al.*, 2 Black, [U. S.] 575, 17 L. Ed. 258).

Many cases are reported in which possession was obtained under color of irregular or void foreclosure proceedings. In some of these, such as *Kelso v. Norton*, 65 Kan. 778, 70 Pac. 896, and *Cross v. Knox*, 32 id. 725, 5 Pac. 32, the possession was held sufficient upon the ground that it was taken with the express or implied consent or acquiescence of the mortgagor, or that the mortgagor had waived the right to object. But in others the fact that the mortgagee took possession in reliance upon foreclosure proceedings which he in good faith believed to be valid is made a distinct ground for according him the rights of a "mortgagee in possession," apart from any question of the consent or acquiescence of the mortgagor.

In *Van Duyne v. Thayre*, 14 Wend. 233, 235, it was said : "If the mortgagee after forfeiture entered into possession, either by the consent of the mortgagor or by means of legal proceedings, he may defend himself there, at least till his debt is paid." However,

as possession in that case was not taken in virtue of any proceedings in court, it would seem that the words "or by means of legal proceedings" are *obiter*, or else "legal" is used merely in the sense of "lawful."

In *Cooke v. Cooper et al.*, 18 Ore. 142, 22 Pac. 945, 7 L. R. A. 273, 17 Am. St. Rep. 709, the second paragraph of the syllabus, which was quoted with approval in *Kelso v. Norton*, supra, reads as follows :

"If, for any cause in the foreclosure suit, the proceeding is ineffectual to foreclose the mortgage, and the mortgagee purchases at a sale under such void proceedings, and enters into the possession under such sale, his relation to the mortgaged premises is that of a mortgagee in possession."

This accurately indicates the scope of the opinion, but the argument in support of the conclusion is based almost entirely upon the authority of various New York cases in which the language used is broader than the facts under consideration required.

In *Bryan v. Brasius*, 3 Ariz. 433, 438, 31 Pac. 519, in a case where possession was taken under invalid foreclosure proceedings, without fraud, there being however no suggestion of consent of the mortgagor, it was said :

"But the facts in the case disclose an indebtedness of two thousand five hundred dollars to Kales from T. J. Bryan, and a mortgage to secure the same on the property in dispute, a proceeding in court, in good faith and without fraud on the part of Kales or any one, to foreclose the mortgage, (the proceeding thought to be valid and regular on its face,) a sale under the decree of the court, and possession taken in pursuance thereof, and taxes paid and valuable and lasting improvements made by the purchaser and his grantees. The plaintiff brings suit by action of ejectment.   He does not pay or offer to pay the mortgage debt.   In this territory the action of ejectment is based upon the

right of possession.   I think, on the very best of authority and the highest equity, the defendant must be held to be the mortgagee in possession, and subrogated to the rights of Kales under his mortgage, and entitled to remain in possession till the requirements of equity are fully met.''

This case was taken to the United States supreme court, where it was affirmed (*Bryan v. Brasius*, 162 U. S. 415, 16 Sup. Ct. 803, 40 L. Ed. 1022, following *Bryan v. Kales*, 162 id. 411, 16 Sup. Ct. 802, 40 L. Ed. 1020), but upon the authority of cases arising in jurisdictions where the mortgagee, after condition broken, has the legal estate in the mortgaged property, without any discussion as to whether the rule should be the same where the mortgage merely gives a lien.

In *Romig v. Gillett*, 187 U. S. 111, 23 Sup. Ct. 40, 47 L. Ed. 97, it was said:

''A mortgagee who enters into possession, not forcibly but peacefully and under the authority of a foreclosure proceeding, cannot be dispossessed by the mortgagor, or one claiming under him, so long as the mortgage remains unpaid.''

But this was stated not as a determination then reached by the court upon consideration of the matter before it, but as the effect of the opinion in *Bryan v. Brasius*, supra, and cases there cited.

In *Barson v. Mulligan*, 66 Hun, App. Div. 486, 489, 491, 73 N. Y. Supp. 262, it was said:

''The only question, therefore, that can arise as to the right of a mortgagee in possession to hold the premises until the mortgage debt is paid, depends upon the method by which he obtained possession, and it is claimed that that possession must be with the assent of the mortgagor, but I can find no authority limiting the right of a mortgagee to hold property, of which he is in lawful possession, to a case where such

possession was with the consent of the mortgagor.
. . . What is essential to entitle a mortgagee to
hold possession of the premises until his mortgage
debt is paid is that his possession should have been
lawfully acquired.  If, under a deed which purports
to convey title, a mortgagee enters into possession, al-
though that deed is void, he is entitled to maintain
possession until his mortgage debt is paid.  This
follows from the decisions in the cases in which a
mortgagee has entered under a deed in a foreclosure
proceeding, either statutory or by action of foreclos-
ure.''

But it is at least doubtful whether this language
was warranted by the authorities to which it referred.

In *Backus v. Burke*, 63 Minn. 272, 277, 65 N. W.
459, the court gave full consideration to the very ques-
tion under discussion and reached a conclusion indi-
cated by the following extracts from the opinion :

''We are of the opinion that when there is a default
in the mortgage, and the mortgagee in apparent good
faith makes a void foreclosure, and, after the end of
the year to redeem, the purchaser at the foreclosure
sale takes possession under color of the foreclosure
proceedings, he should be treated as a mortgagee in
possession, whether he takes possession with or with-
out the consent, either express or implied, of the mort-
gagor.  It is true that, unlike a mortgage at common
law, a mortgage under our statute gives the mort-
gagee neither the title nor right of possession.  But
the courts were long ago compelled to recognize a
marked difference between the character of our statu-
tory mortgage after default but before foreclosure, and
the character of the same mortgage after an abortive
foreclosure and the year to redeem has expired. . . .
Every mortgagor understands, when he executes a
mortgage, that if he defaults in the conditions to be
by him performed an attempt will be made to fore-
close the mortgage.  If he makes no effort to take
advantage of the irregularities in an abortive fore-
closure until after the year to redeem has expired,

and the purchaser at the foreclosure sale has in good faith taken possession, what court will then oust such purchaser without payment of the mortgage indebtedness, even though there was no express consent of the mortgagor to such possession, and the circumstances raise no presumption of an implied consent? . . . Surely, the mortgagor cannot, in such a case, obtain possession except through an action to redeem, whether the purchaser has been in possession one day or nine years. But if the purchaser has been in possession only one day, it cannot be held that so short a period of possession is of itself sufficient evidence of the consent of the mortgagor to that possession. Then it cannot be held that the purchaser's right to continue in such possession, taken peaceably and in good faith, after the year has expired, is based on the mortgagor's consent, express or implied, but, on the contrary, it is based on that rule of law which denies to the mortgagor in such a case any remedy but one in equity, which will compel him to do equity."

This we regard as the most full and satisfactory discussion of the question upon its merits to be found in any adjudicated case.

On the other hand, in *Howell et al. v. Leavitt et al.,* 95 N. Y. 617, the owners of the mortgaged property were permitted to maintain ejectment against a mortgagee who had acquired possession by a writ of assistance under a void judgment. The land was owned by minors and occupied by their tenant, who was dispossessed under the writ without their knowledge. The decision was based upon the ground that such possession was obtained by force and was unlawful. In *Bowen v. Brogan*, 119 Mich. 218, 75 Am. St. Rep. 387, 77 N. W. 942, and in *McClory v. Ricks*, 11 N. Dak. 38, 88 N. W. 1042, it was held that ejectment may be maintained against a mortgagee who is in possession under a void or irregular foreclosure, but the argu-

ment presented in support of these decisions and of
others which they follow was largely directed against
the right of the mortgagee who is out of possession
to bring action to be let into possession, the courts
refusing to recognize any distinction between the right
to demand possession and the right to hold it when it
is once obtained. The same conclusion was announced
in *Lewis v. Hamilton*, 26 Colo. 263, 58 Pac. 196, but
without extended discussion and upon the authority
of a Michigan case. .

To determine the true extent of the doctrine under
consideration, in the face of these conflicting decisions,
it is well to consider its origin and reason.   In an ar-
ticle entitled ''How mortgagee as such can get pos-
session,'' published in the Albany Law Journal (vol.
26, p. 526, and vol. 27, p. 6), an ingenious review of
the New York cases was presented in support of the
contention that the right of the mortgagee to retain
possession is founded upon contract, and therefore
exists only when the mortgagor agrees that the mort-
gagee may take possession of the mortgaged property
for his better security.   This view would practically
do away with the doctrine altogether, since it is not
necessary to invoke any peculiar rule of equity to
provide for the enforcement of such an agreement.
In *Howell et al. v. Leavitt et al.*, supra, it was suggested
that the old rule existing when a mortgage actually
passed the title to the property kept its hold upon
the later opinions when the reason which led to it was
gone.   Mr. Pomeroy, in his work on Equity Juris-
prudence, adopts this view of the origin of the doc-
trine, but adds :

''The courts, while retaining the doctrine as settled,
have guarded against any inference from it that the
mortgagee has acquired a legal estate by his posses-
sion ; his right to retain possession does not depend

upon an estate held by him; his possession is protected by his lien. It is certainly more simple and just that the mortgagee should be left in possession and the mortgagor forced to redeem, than that the mortgagor should be permitted to recover the possession by an action at law, and be immediately liable to the consequences of a foreclosure suit in equity brought by the mortgagee." (Vol. 3, § 1189.)

And in *Gillett v. Eaton*, 6 Wis. 30, 40, it was said :

"If the defendant is turned out of possession because he is in as a mere mortgagee, he will be put to the trouble and expense of foreclosing his mortgage, and perhaps put to the necessity of taking legal steps to regain possession. It is not the policy of the law to encourage such litigation. And substantial justice will be better subserved by permitting the mortgagee to retain the possession which he has lawfully acquired, until the mortgagor, or those claiming under him, shall institute proceedings for the purpose of redemption."

And in *Tallman v. Ely*, 6 Wis. 244, 256, the court said :

"It would be unwise and inequitable to permit the grantee of the mortgagor to obtain the possession as against the mortgagee or his assigns while the mortgage debt remained unpaid. Under the circumstances, if the grantee desired to obtain possession of the premises, he could file his bill to redeem, and the court could properly aid him in obtaining possession after the encumbrance was discharged. In this way equity could be fully done between all parties. Again, if the court should put the morgagor or his grantee in possession of the premises without requiring him first to pay off the mortgage, it might be called upon at the next moment in a proceeding to foreclose and sell the mortgaged premises to turn him out and reinstate the mortgagee or his assignee. But all this unnecessary expense and fruitless litigation can be avoided, and the rights and interests of the parties most completely

Stouffer v. Harlan.

subserved and protected by adhering strictly to, the doctrine, that if the mortgagee or his assigns, after forfeiture, obtains possession lawfully, the mortgagor, or those claiming under him should not recover the possession without paying the money secured by the mortgage.''

Substantially the same reasoning has been employed in other cases, as shown by several of the quotations already made. Whatever may be the source of the rule historically we think it is justified upon equitable principles by the considerations just stated, and that it should be followed because of that fact and be administered with reference to it; that it should be acted upon when the circumstances are such that these reasons are applicable, and only then. It is obvious that such reasons apply to all cases in which the mortgagee has actual possession of the mortgaged property, except where he has acquired it under such circumstances that it would be inequitable to permit him to assert a right under it. The expression frequently used, that the entry must be lawful, we interpret to mean not that it must have been effected under a formal right capable of enforcement by legal proceedings, but that it must not be through any unlawful or wrongful act, upon which the mortgagee would be estopped to found a right. The importance given to the matter of the consent or acquiescence of the mortgagor we conceive to be derived not from the idea of its establishing a contract (since, as already suggested, if a contract for possession exists there is no occasion to invoke the rule) but from the fact that it frees the mortgagee from any suspicion of having obtained possession by fraud or force.

We conclude that the true rule is that when the mortgagee is in possession of the mortgaged premises

10—68 KAN.

after condition broken he may not be dispossessed without a payment of the mortgage debt, unless his possession was acquired under such circumstances that he ought not in equity to be permitted to retain it. This conclusion may not go far toward the practical solution of questions involving the application of the doctrine, but it is sufficient for the purposes of the present case, since it is clear that one who assumes possession of the mortgaged property under color of foreclosure proceedings believed by him to be valid, however defective they may be in fact, cannot be thought to have thereby estopped himself to assert the right otherwise given him to retain possession until his debt is paid. There is nothing in the facts of this case to impeach the good faith of defendants in error or to charge them with the use of force or fraud in gaining possession, and they are within the protection of the rule as stated.

Two minor questions are also presented. The plaintiff below, in his reply, pleaded that the mortgage debt had been paid. He offered no proof under this allegation until the cause had been submitted to the court and the decision announced. Then he asked leave to introduce evidence in support of it, but the request was denied. It is not necessary to decide whether the evidence would have been admissible if presented earlier in the proceedings, because, even if so, it cannot be said that it was an abuse of discretion for the court to reject it at the time it was offered. It is now urged that there was a presumption that the debt was paid, arising from the fact that the judgment had become dormant. The judgment was not dormant on any theory when this action was begun, or when the pleadings were settled, so the principle invoked has no application. If the judgment is in fact dormant

now the situation furnishes a good illustration of a class of cases, readily to be imagined, in which the doctrine just discussed serves to prevent gross injustice.

The plaintiff, upon other considerations, did recover a part of the real property sued for, upon which defendants held a tax deed, the recovery being subject to the adjustment of the taxes and rents and profits. The trial court divided the costs, permitting the plaintiff to recover the same proportion of the whole costs that the tract recovered bore to the whole land sued for, being one-eleventh. This apportionment we think erroneous. It was proper to divide the costs; not, however, because the plaintiff recovered only a part of the property claimed, since ordinarily this would entitle him to all his costs (*Meskimen v. Day*, 35 Kan. 46, 10 Pac. 14), but because the recovery was conditioned on the settlement of the lien for taxes. In such cases an even division of the costs has been ordered. (*Longworth v. Johnnon*, 66 Kan. 193, 71 Pac. 259.) It does not follow that a trial court under similar circumstances may never adopt any other basis of division than the arbitrary one of equality. But as the division in this case was made upon a theory which is held to be erroneous, it is ordered that the costs be divided equally between plaintiff and defendants. Otherwise the judgment is affirmed.

The costs in this court are divided equally.

All the Justices concurring.