V. JAGGAR, *Appellee,* v. MARY C. PLUNKETT *et al.,*
*Appellants.*

No. 16,293.

### SYLLABUS BY THE COURT.

1. MORTGAGES—*Possession by Mortgagee.* It is not necessary to the status of a mortgagee in possession that possession of the land shall have been taken under the mortgage, nor with the consent of the mortgagor.

2. —— *Same.* It is enough that possession be peaceably and legally taken, and one who first takes possession under an invalid tax deed and afterward purchases a subsisting mortgage is not precluded from thereafter continuing the posses-

Jaggar v. Plunkett.

sion first taken and claiming the rights of a mortgagee in possession.

3. —— *Action. by Mortgagee in Possession to Compel Redemption.* A mortgagee in possession may bring an action against the mortgagor or one holding under him to compel him to redeem within a reasonable time, to be fixed by the court, and the court may provide in its decree that if he fails to do so his right of redemption shall be barred. (*Henthorn v. Security Co.*, 70 Kan. 808.)

4. EVIDENCE—*Sufficiency.* A fact may be established by incompetent evidence, if material, where it is received without objection.

Appeal from Logan district court; JACOB C. RUPPEN-THAL, judge. Opinion filed January 8, 1910. Affirmed.

*W. H. Wagner, Lee Monroe,* and *George A. Kline,* for the appellants.

*John B. Ennis,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by V. Jaggar to quiet his title in eighty acres of land in Logan county as against Mary C. and George W. Plunkett, plaintiff claiming under a tax deed and also as mortgagee in possession. In 1888 G. W. Plunkett (who then owned the land in controversy) and his wife mortgaged the same to secure the payment of a note for $300 given to the Farmers' Loan & Trust Company. The note and mortgage became due in July, 1893. Shortly after executing the same Plunkett conveyed the property to his wife, and it is alleged that they soon afterward left the state. In 1903 a tax deed was issued to plaintiff, under which he took possession of the land. In May, 1905, he acquired the note and mortgage outstanding against the land, and subsequently he brought suit to quiet his title. Upon the testimony the trial court found in favor of the plaintiff, holding first that his tax deed was void upon its face, but that he was lawfully in possession of the land and was entitled to the rights of a mort-

gagee in possession. The decree provided that the defendants might, and they were required to, redeem the land, if at all, within six months, and if they failed to do that their rights would be barred and the title quieted in plaintiff.

A contention is made that the testimony was insufficient to sustain the finding that the indebtedness and mortgage were not barred by the statute of limitations. There was testimony tending to show the absence of defendants from the state since the early part of the year 1889. Some of it was probably subject to objection, but no objection was in fact made, and the rule is that a fact may be established by incompetent evidence, if material, when it is received without objection. (*Teegarden v. The Town of Caledonia,* 50 Wis. 292; *Moore v. McKinley et al., Ex'rs,* 60 Iowa, 367; *Jaffray & Co. v. Thompson,* 65 Iowa, 323; *Goodall v. Norton,* 88 Minn. 1; *Lindquist v. Dickson,* 98 Minn. 369.) The trial was before the court, and the evidence was at least sufficient to support the findings and judgment.

Was plaintiff entitled to the right of a mortgagee in possession? He first obtained a tax deed, and went into possession of the land under that instrument. It proved to be invalid, and he later acquired the note and mortgage. There was no surrender of the possession taken under the tax deed, nor formal reëntry under the mortgage. It is not essential to the status of a mortgagee in possession that possession should have been taken under the mortgage, nor with the consent of the mortgagor. It is enough if the possession be peaceably and legally acquired. (*Stouffer v. Harlan,* 68 Kan. 135; *Mortgage Co. v. Gray,* 68 Kan. 100; *Henthorn v. Security Co.,* 70 Kan. 808; *Walters v. Chance,* 73 Kan. 680.) To be legal the possession must have been taken in good faith, free from deceit, fraud or wrong, and without violation of any contract relation with the mortgagor. If possession is taken under a lease from the mortgagor the mortgagee could not silently con-

tinue such possession and rely on a claim as mortgagee in possession, as that would be hostile to, and inconsistent with, the relative legal rights of the parties. That was the result of the decision in *Morford v. Wells,* 68 Kan. 122. There one who acquired possession as a tenant claimed the right of a mortgagee in possession, although he did not take or assert such possession after denying his landlord's title. Good faith with the lessor required a surrender of the possession acquired under the lease before asserting a hostile and inconsistent right. Here, however, there was no like relation with the mortgagor. The defendants had abandoned the land and been out of the state about fourteen years before plaintiff took peaceable possession of the abandoned land under his tax deed. His claim under the tax deed was of course hostile and adverse to the rights of the mortgagor. Finding his tax deed defective, the plaintiff supplemented it by the purchase of the mortgage, and he has since claimed under the right thus acquired. He was then entitled to assert possession under the mortgage notwithstanding he had previously claimed under the tax deed, and this possession was in no sense inconsistent with the relative rights of the parties under the mortgage. (*Walters v. Chance,* 73 Kan. 680.)

It is contended that in no event could plaintiff do more than hold the possession of the land until the mortgage debt was paid; that he had no right to take the initiative and bring an action to bar the interest of the mortgagors, and that he could only obtain this result in an ordinary foreclosure proceeding. This was in effect an action to compel redemption and determine the rights of the respective parties, and it has already been held that a mortgagee in possession is not required to hold indefinitely under such an indeterminate and unmarketable right. In *Henthorn v. Security Co.,* 70 Kan. 808, it was said that "it remains, then, only to say that a mortgagee in possession, having the right to retain

that possession against the holder of the legal title, is not obliged to await the uncertain action of the holder of the legal title to have his rights adjudicated, but may himself bring an action for that purpose." (Page 810.) To secure this equitable relief it is necessary that ample time be given to the mortgagors to redeem. There was no inequity in the action taken in this case, as the court decided that defendants were entitled to redeem the premises by discharging the indebtedness and other claims against the land, and provided that it might be done within six months from the time of judgment, which was almost as much time as could have been taken under an ordinary foreclosure proceeding. The judgment rendered was within the power of the court, and appears to have been an equitable exercise of that power. It is therefore affirmed.