No. 30,995.

THE BANKERS MORTGAGE COMPANY, of Topeka, *Appellant*, v. EDWIN O'DONOVAN, BERTHA L. O'DONOVAN, His Wife, and R. G. VICKERY, *Appellees.*

(20 P. 2d 809.)

Opinion filed April 8, 1933.

*N. J. Ward, F. A. Holder,* both of Topeka, and *F. J. Rayfield,* of Horton, for the appellant.

No appearance was made for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a mortgagee in possession asking the court to determine the rights of the parties and to fix a time within which the defendant might redeem, and in default thereof that the defendant be barred from further rights or interest in the property. The trial court made findings of fact and decreed that the property should be sold as upon foreclosure and that defendant have the statutory period of eighteen months within which to redeem. Plaintiff has appealed and contends that the court erred in requiring that the property be sold and in giving defendant possession and rents during the eighteen-months period of redemption.

Briefly the petition, filed December 8, 1931, alleges that on May 1, 1927, Edwin O'Donovan and wife executed their note to plaintiff in the sum of $1,500 and secured the payment of the same, with interest, by a mortgage on described real property in Brown county, owned by them, and thereafter conveyed the property to R. G. Vickery; that on November 5, 1928, R. G. Vickery, in writing, assigned the rents from the real property to plaintiff, which writing recited that it was understood that plaintiff, "from and after this date . . . shall be deemed a mortgagee in possession of said premises," and that plaintiff should collect the rental "as mortgagee in possession" and apply the same to taxes, repairs, insurance, and interest on the debt due plaintiff; that thereupon plaintiff took possession of the real property and has since been in the exclusive possession thereof; that plaintiff has used due diligence in renting and realizing an income therefrom, but has been unable to realize a sum sufficient to pay taxes, make necessary repairs, maintain insurance, and pay the interest accruing upon the indebtedness; that the defendant, R. G. Vickery, has forcibly and wrongfully taken possession of the premises and should be required to pay a reasonable rental therefor and give immediate and peaceable possession; that the conditions of the mortgage have been broken; that defendants have failed to perform and to do the things agreed to be done by them; that plaintiff is entitled to have its rights determined and to have a time fixed for defendants to redeem, and plaintiff offered to make full accounting of all moneys received and expended as mortgagee in possession.

The defendant, R. G. Vickery, filed an answer, which was withdrawn when the case was called for trial, and for that reason need

not further be noticed, but orally contended that he was entitled to the rights of redemption provided by our redemption statute. The trial court made findings of fact, which may be summarized as follows: (1) The facts set forth in plaintiff's petition are true; (2) that plaintiff is entitled to judgment against Edwin O'Donovan and wife in the sum of $1,728.22 with interest and costs, and that the same constitute a first lien upon the real property in question; (3) that on November 5, 1928, R. G. Vickery, being then the owner of the legal title to the real property in question, executed and delivered to plaintiff an assignment of rents accruing from the real estate and placed plaintiff in possession thereof as mortgagee in possession; that plaintiff actually took possession of the real property and at all times since has been entitled to the exclusive possession thereof, and that plaintiff has used due diligence in the collection of rents and in paying taxes, repairs, insurance and interest as far as possible; (4) that on February 1, 1931, R. G. Vickery forcibly and wrongfully took possession of the premises against the right of plaintiff as mortgagee in possession.

Among other things the court adjudged that plaintiff's lien on the real property be foreclosed and that the real estate be advertised and sold, as provided by law, and the proceeds applied to the payment of costs, taxes, and plaintiff's judgment, and if the sum derived from the sale be insufficient to pay those items that plaintiff have a deficiency judgment for the balance against Edwin O'Donovan and wife, and further adjudged that R. G. Vickery shall have the statutory period of eighteen months within which to redeem the property from and after the sale, and at the end of such period, in default of redemption, that a deed issue to the purchaser or his assign, and that a writ of assistance issue to place said purchaser in possession.

In *Stouffer v. Harlan*, 68 Kan. 135, 137, 74 Pac. 610, it was said:

"The expression 'mortgagee in possession' has been adopted by the courts and law writers as a convenient phrase to describe the condition of a mortgagee who is in possession of mortgaged premises under such circumstances as to make the satisfaction of his lien a prerequisite to his being dispossessed, even in jurisdictions where the mortgage itself can confer no possessory right either before or after default."

In the syllabus of that case it was ruled:

"A mortgagee of real property in possession of the mortgaged premises after condition broken may not be dispossessed without the payment of the mortgage debt."

This has been the uniform holding of this court. (See *Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896; *Henthorn v. Security Co.,* 70 Kan. 808, 79 Pac. 653; *Walters v. Chance,* 73 Kan. 680, 85 Pac. 779; *Jaggar v. Plunkett,* 81 Kan. 565, 106 Pac. 280; *Charpie v. Stout,* 88 Kan. 318, 128 Pac. 396; *Pearcy v. Bankers Mortgage Co.,* 129 Kan. 163, 174, 281 Pac. 873, and authorities cited in the opinions in those cases.) It is well settled, also, that a mortgagee in possession cannot be dispossessed by force, stealth or fraud. (*Stouffer v. Harlan,* 84 Kan. 307, 114 Pac. 385; *Charpie v. Stout,* supra.)

It also is well settled that a mortgagee in possession may bring an action to compel redemption, or to have the rights of redemption barred. (*Henthorn v. Security Co.,* supra; *Jaggar v. Plunkett,* supra.) In such an action the time which the court may fix for defendant to redeem is not controlled by our redemption statute applying to judicial sales. (See *Case v. Lanyon,* 62 Kan. 69, 72, 61 Pac. 406.) It is to be determined in the exercise of the powers of a court of equity from the facts of a particular case. Ordinarily there is no occasion for the sale of the property, with the expense incident thereto. It is within the power of the court to fix a time, reasonable under all the facts and circumstances disclosed by the record, within which defendant should redeem or be barred from all right, title and interest in the property. A mortgagee in possession is still a mortgagee (41 C. J. 613-615). He is not the owner of the property. If the mortgagor or owner of the record title does not take steps to terminate the relation, the mortgagee in possession is at liberty to do so. Perhaps he could bring an action to foreclose his mortgage (*Bank v. Myers,* 99 Kan. 60, 160 Pac. 979). He may bring an action to require defendants to redeem. Naturally, the relief to be granted is addressed to the sound judicial discretion of a court of equity. Perhaps there are circumstances under which a court of equity would be justified in requiring that the mortgaged property be sold, but the facts here do not warrant such an order.

In this case plaintiff, who had been in possession of the property for two years and nine months, alleged that it had used diligence to realize an income from the property, but had been unable to realize a sum sufficient to pay taxes, repairs, insurance and accruing interest on its debt. The court found those facts to be true. Plaintiff did not seek a sale of the property in order to determine the amount of a possible deficiency judgment against the mortgagors, and the record does not disclose that such a judgment would be equitable,

either to plaintiff or to the mortgagors. It was clearly inequitable for the court to add to the expense incident to this property the cost of a foreclosure sale, and the court was not justified under the law in taking from plaintiff the rents and profits for eighteen months.

The judgment of the court below will be reversed, with directions to set aside the order of sale and the order giving the defendant, R. G. Vickery, the statutory right of redemption, with the rights to possession and rent for the period of redemption, and to fix a period of redemption in accordance with the views herein expressed. It is so ordered.