No. 33,190

H. T. SUTOR and M. SUTOR, *Appellees*, v. (FIRST NATIONAL BANK OF PALCO, FRED HEBERT, *Defendants*) PHILLIP HEBERT and AGNES HEBERT, *Appellants*.

(69 P. 2d 315)

Opinion filed June 12, 1937. 

*John R. Parsons,* of Wakeeney, for the appellants.

*W. L. Sayers* and *Wendell P. Sayers,* both of Hill City, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action by mortgagees in possession asking the court to fix the time within which and the amount for which defendants should be permitted to redeem. Plaintiffs prevailed, and defendants, Phillip Hebert and Agnes Hebert, appeal.

The land in question was mortgaged by Fred Hebert and Anita Hebert, the parents of appellants. The mother was the owner of the fee title. She died intestate December 19, 1919. The heirs at law were her husband and five minor children, two of whom are appellants. By inheritance and conveyances from the other children, appellants have acquired an equal undivided one-half interest in the land. Two mortgages were executed to plaintiffs by the parents in 1916 and 1917. Later the parents executed additional mortgages on the same land to the Palco State Bank, of Palco, Kan. The later mortgages subsequently became the property of the defendant, The First National Bank of Palco. In 1922 the mortgages were foreclosed, but the service on the minors, though not complained of at the trial, was later held invalid. (*Suter Bros. v. Hebert,* 133 Kan. 262, 299 Pac. 627; *Suter Bros. v. Hebert,* 138 Kan. 317, 26 P. 2d 591.) The defendant bank was a purchaser at sheriff's sale and obtained possession in 1925 by means of a writ of assistance. (*Sutor Bros. v. Hebert,* 117 Kan. 535, 232 Pac. 594.) In 1931 it conveyed title to plaintiffs, who have since been in continuous possession. Among the findings of fact made by the trial court was the following:

"16. The court finds that the bid of the sum of $5,600, made by First National Bank at the sheriff's sale, was made in the belief and with the understanding that said bank was purchasing the whole title to the real estate involved herein and said bid was substantially less than the aggregate amount of judgments, interest, taxes and costs computed to the date of sale, to wit: $6,016.10."

Appellants had filed no action to obtain possession nor to have a time fixed for redemption. This action was commenced April 6, 1934.

Appellants first urge appellees were not mortgagees in possession

as to them. In this connection appellants pleaded the five-year statute of limitations had run since the date of the pretended judgment against them, and hence the present action against them was barred. It is also argued now that more than five years had elapsed between the maturity of the notes and the time the purchaser at sheriff's sale or appellants acquired possession. An examination of the record discloses the mortgage-foreclosure suit was filed and judgment rendered before the statute of limitations ran on the notes and mortgages as against the makers thereof, and the court so found. Appellants insist the statute had run against them because an action on the notes is now barred and therefore the mortgage is barred. (*Morford v. Wells,* 68 Kan. 122, 74 Pac. 615; *O'Neil v. Eppler,* 99 Kan. 493, 162 Pac. 311; *Vann v. Railway Co.,* 110 Kan. 799, 205 Pac. 607.) The present action is not an action to recover judgment against appellants on an indebtedness represented by the notes nor to foreclose the mortgage on such debt; it is an action brought by mortgagees in possession. It was brought for the sole purpose of fixing the time within which, and the amount for which, appellants should be permitted to redeem by reason of an unpaid balance, resulting from encumbrances placed thereon by the mortgagors. To this relief appellees were equitably entitled. Appellants acquired their title subject to valid existing liens. In equity and good conscience, they were not entitled to demand their rights in the land without first discharging the unpaid balance of the mortgage debt. (*Mortgage Co. v. Gray,* 68 Kan. 100, 74 Pac. 614; *Stouffer v. Harlan,* 68 Kan. 135, 74 Pac. 610; *Jaggar v. Plunkett,* 81 Kan. 565, 106 Pac. 280; *Pearcy v. Bankers Mortgage Co.,* 129 Kan. 163, 281 Pac. 873; *Bankers Mortgage Co. v. O'Donovan,* 137 Kan. 309, 20 P. 2d 809.)

In *Stouffer v. Harlan,* supra, it was held:

". . . One who assumes possession of the property under color of foreclosure proceedings believed by him to be valid, however defective they may be in fact, is within the protection of this rule." (Syl.)

In *Jaggar v. Plunkett,* supra, it was said:

"A mortgagee in possession may bring an action against the mortgagor or one holding under him to compel him to redeem within a reasonable time, to be fixed by the court, and the court may provide in its decree that if he fails to do so his right of redemption shall be barred. (*Henthorn v. Security Co.,* 70 Kan. 808.)" (Syl. ¶ 3.) (See, also, *Bankers Mortgage Co. v. O'Donovan,* supra.)

It is next contended the full amount of the mortgage debt was discharged on mortgage foreclosure. The trial court made a specific finding to the contrary. The evidence supports the finding. Furthermore, there was no complaint below concerning this finding.

Appellants further contend they were entitled to the wheat crop for the year 1924. The court made a specific finding in this regard, as follows:

"20. As to the wheat crop of the harvest of 1924, there is an issue between Phillip Hebert and the First National Bank, said Phillip Hebert claiming to have been the owner of the same and alleging that the bank took and appropriated said crop to its own use. The only testimony sustaining the claim of Phillip Hebert to the ownership of said crop is that of Fred Hebert. It appears that on February 25, 1924, Fred Hebert gave a bill of sale of all of said crop of wheat to Leon Hebert (see plaintiff's exhibits 25 and 26), and on February 9, 1924, Fred Hebert executed to Leon Hebert a chattel mortgage on said crop of wheat, reciting title of said wheat was in him, Fred Hebert. Thereafter, on September 17, 1925, in an action between the Heberts and Odle as sheriff, involving said crop of wheat, Fred Hebert and Leon Hebert and other parties to said case made a settlement under which Fred Hebert and Leon Hebert received $200 from the proceeds of said crop and the balance of the proceeds were disposed of to First National Bank. These acts are so inconsistent with the testimony now given by Fred Hebert that the court cannot accept said testimony, and the claim of Phillip Hebert as to said item is disallowed."

Appellants objected to this finding as being unsupported by and contrary to the evidence. There was evidence to support it. The trial court determined the weight of this evidence and the credibility of the witnesses. There are other reasons for sustaining the finding, but these are sufficient.

The trial court made an accounting of the rental income and necessary expenditures covering the period of possession from the year 1925. It found receipts in excess of expenditures in the sum of $146.54 and credited appellants therewith on the amount required to redeem. Appellants contend they were under no personal obligation to pay the necessary expenditures and that until their rights in the land had been terminated they were entitled to the balance due them. This action was instituted for the express purpose of determining the conditions upon which they would be permitted to assert their rights. It was never contended appellants were personally liable for the expenditures made. Before they were entitled to demand their rights in the property, they were required to do equity. In order to determine the equities an accounting was nec-

essary. Such accounting was had and a proper balance was struck. This was proper. (*Pearcy v. Bankers Mortgage Co.*, supra.) Appellants were credited with the balance due them. There is no contention that the expenditures made were unreasonable. The court properly determined the amount for which appellants could redeem. Judgment was rendered December 27, 1935. Appellants were given until September 1, 1936, within which to redeem. There is no contention the time was unreasonable. Other minor contentions are urged, but they cannot alter the conclusion reached. The record presents no reversible error, and the judgment is affirmed.