No. 26,525.

D. P. FLEEGER, *Appellant,* v. J. C. SWIFT et al., *Appellees.*

No. 26,902.

D. P. FLEEGER, *Appellant,* v. GEORGE T. INGE et al., *Appellees.*

SYLLABUS BY THE COURT.

1. RECEIVERS—*Nature of Possession of Property—Effect of Attachment.* The possession of property by a receiver duly appointed by a court of competent jurisdiction is to be regarded as the possession of the court, a possession which is exclusive in character and the property so held is not subject to seizure by attachment issued from another court.

2. SAME—*Remedy of Creditor Claiming Lien or Preference.* A creditor claiming a lien or preference as to the property is not without remedy as the court having the custody and control of the property has jurisdiction to give all necessary and proper relief upon application of any party claiming an interest in it.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed December 11, 1926. Affirmed.

*L. P. Brooks,* of Wichita, for the appellant.

*Fred J. Evans, Ray H. Calihan,* both of Garden City, and *S. S. Alexander,* of Kingman, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: D. P. Fleeger brought an action in Kingman county to recover $800 from J. C. Swift and nine others, alleged to be due for pulling casing from a test well which had been drilled in that county in an exploration for oil. None of the defendants named resided or could be summoned in Kingman county. Five of them were residents of Missouri and five of them resided in Kansas, four in Finney county and one in Kearny county. Plaintiff procured the issuance of an order of attachment, which was levied on casing alleged to be the property of the defendants. The ground for the attachment was that Swift and four others of the defendants were nonresidents of Kansas. Plaintiff undertook to obtain service on the Missouri defendants by publication, and then caused summons to be issued and served on the Kansas defendants in Finney and Kearny counties. Later the Kansas defendants made a special appearance and moved to quash the summons upon the ground that

Receivers, 34 Cyc. pp. 183 n. 41, 187 n. 61, 193 n. 88, 206 n. 34, 208 n. 46, 231 n. 50, 233 n. 57; 39 A. L. R. 23; 23 R. C. L. 69.

the only service made on them was in a county other than Kingman, that no valid service had been made on any of the defendants in Kingman county, either personally or by publication. This motion was sustained, and from the ruling an appeal was taken, which is No. 26,525.

Fred Mims, one of the defendants, interpleaded in the case as receiver, setting forth that he claimed the property in the capacity of receiver. He alleged that on April 10, 1923, in an action brought by another against the defendants named in this case, the district court of Finney county appointed him as receiver of property, including that involved here, and that under the appointment he took possession of the casing sought to be attached in the instant case; that the property was then in the jurisdiction and control of the district court of Finney county, and for more than a year had been in the control of it by and through its receiver, and was therefore not subject to seizure by attachment.

In answer to the interplea the appointment and qualification of the receiver was conceded, and that the receiver was ordered to take possession of the property in question was not denied, but plaintiff alleged that he claimed a lien on the property for work done in pulling the casing. On the presentation made the trial court determined that the property attached was in the custody of the law and within the jurisdiction and control of the district court of Finney county long before the attachment levy, and therefore refused to go further in the case. The order was a dissolution of the attachment and dismissal of the cause. The trial court ruled correctly in holding that the plaintiff had no right to interfere with the possession of the receiver. It appeared that the court of Finney county had jurisdiction to appoint a receiver. The right to the possession of the property involved in that action passed to the receiver, and such possession as was practical was taken by the receiver. The receiver is an officer and arm of the court. His possession is in fact the possession of the court and the property so taken is regarded as in the custody of the law, to be held for distribution among those shown to be entitled to the property or fund. The possession of the court is deemed to be exclusive, and no one may interfere with that possession without leave of the court appointing the receiver. It has been determined that property so brought within the control of a court of competent jurisdiction is not sub-

ject to seizure by attachment or garnishment process issued from another court. (*Railway Co. v. Love,* 61 Kan. 433, 59 Pac. 1072. See, also, *Cramer v. Iler,* 63 Kan. 579, 66 Pac. 617, 23 R. C. L. 69; 34 Cyc. 183, 231.) The court first exercising jurisdiction by appointing a receiver has the untrammeled right to control and administer the property or fund derived from it to the end, and if creditors or others claim liens or preferences they should apply to the court appointing the receiver for the protection of their rights. If the plaintiff has a lien upon the property as he contends, he is not without a remedy, as he can present that claim to the district court of Finney county, which has the custody and control of the property and which has jurisdiction to give all necessary relief. Plaintiff could acquire no right by attachment issued from another court nor any preferences over other creditors except with the sanction of the court having the custody of the property. The attachment and seizure of the property, therefore, was not only without right, but it constituted a contempt of the district court of Finney county.

By way of a cross appeal, Fred Mims, as receiver, contends that the court erred in not specifically ordering the release of the property to him as receiver. The judgment of the court was that the cause should be dismissed and the attachment levied be dissolved and the property released from the custody of the trial court. The dissolution of the attachment and the dismissal of the cause of action were based on the rule that the possession of the property seized was in the receiver. When the court decided that the property was in the custody of another court by and through its receiver, and that it should be released, it naturally followed that it was released to the receiver. It is of course the duty of the sheriff to surrender the possession of the property to the receiver, but it is hardly necessary to reconvene the court to specifically order the delivery of the property to the receiver, since that is really the purport of the order made. As plaintiff's case rested on the right to attachment, and it appearing that the property was not subject to attachment, nothing remained except to dismiss the proceeding. That being the situation there is no occasion to consider the questions raised on the motion to quash, as they are no longer of importance.

The judgment is affirmed.