No. 28,637.

THE BANKERS MORTGAGE COMPANY, *Appellee,* v. J. W. BRAMBLETT, H. J. ROBSON and C. D. ROBSON, *Appellants.*

(276 Pac. 67.)

Opinion filed April 6, 1929.

*D. M. McCarthy* and *D. F. Stanley,* both of Mankato, for the appellants.

*J. A. Fleming*, of Topeka, *C. W. Burch, B. I. Litowich, La Rue Royce,* all of Salina, *Samuel E. Bartlett* and *George D. Miner,* both of Ellsworth, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Bankers Mortgage Company brought an action upon a supersedeas bond executed by the defendants, H. J. Robson, C. D. Robson and J. W. Bramblett, which had been given upon the appeal taken by the Robsons from a judgment rendered against them and in favor of the Bankers Mortgage Company. When the bond was given the Robsons procured a stay of the judgment pending the determination of the appeal. The bond was signed by the Robsons and by J. W. Bramblett as surety and it recited that they "hereby undertake to the above-named plaintiff the Bankers Mortgage Company, a corporation, in the penal sum of $2,500, that said appellants will abide the judgment if the same shall be affirmed and pay the costs." The judgment was affirmed on July 11, 1927. (*Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 256 Pac. 997.) This action upon the bond was commenced on April 27, 1928, in which plaintiff alleged that the judgment remains unpaid and unsatisfied and it asks for judgment against the defendants for $1,794.90. The execution of the bond was admitted, and Bramblett answered that later proceedings had been brought by the plaintiff against the Robsons, that a receiver was appointed who had on hand as proceeds from the rental property which was involved in the controversy sufficient funds to pay the amount claimed by the plaintiff in this action, and that he should be required to pay and apply the aforesaid funds to the claim made under the supersedeas bond. It was further alleged that the Robsons had directed the plaintiff and the receiver to pay from the funds on hand the amount of the claim herein involved. There was a further allegation that he signed the supersedeas bond as surety only without compensation to accommodate the defendants, and that if any judgment is rendered in favor of plaintiff in this action he would be entitled to a judgment against the Robsons equal to the amount that might be recovered against him. He also set forth that by reason of the nonpayment of the claim involved here, from the funds in the hands of the receiver, defendant Bramblett had been required to employ counsel and to make several trips from his home in Wichita to Ellsworth which has resulted in damage to the defendant in the sum of $500, for which he prayed judgment.

In their answer the Robsons set forth the same claim with reference to the payment of this claim out of the moneys in the hands of the receiver that was pleaded by their codefendant, Bramblett.

The court made findings of fact setting forth the original proceedings, including the appeal and the supersedeas bond given and the disposition made of the appeal, and then stated that on April 27, 1926, another suit had been brought for accrued rental in which judgment was rendered and that the judgment had not been appealed from, but remains unpaid and unsatisfied; that on the 28th day of April, 1926, a receiver was appointed in that action by the district court of Ellsworth county to take possession of the property, collect the rentals on the apartments in the hotel and insure the furniture against loss by fire, and the receiver was required to give a bond in the sum of $5,000, conditioned that he would faithfully discharge his duties as receiver in that action.

It was also found that two other actions had been brought by the plaintiff against the Robsons for rent that had then accrued, it being payable monthly, in which judgments had been rendered in favor of plaintiff and from which no appeals had been taken, and that these judgments had become final and remained unsatisfied. There was a finding, too, that the plaintiff held a chattel mortgage on personal property of the Robsons, and the court had directed that an order of sale be issued for the sale of that property and the proceeds thereof brought into court to abide its further order, but that no sale of the property has yet been made. The court also found that the Robsons had demanded that the receiver take from the rents and profits collected by him and from the proceeds of mortgaged furniture of the estate and apply so much as would satisfy the judgment indebtedness involved herein. It was found that the plaintiff had received the sum of $1,784.10 in cash and the use of the hotel site of the building in controversy to the value of $1,650 covering a term of eleven months, and that the net balance remaining in the hands of the receiver after deducting fees and expenses amounted to $336. The court found as a conclusion of law that plaintiff was entitled to judgment against the defendants for $2,500 with interest thereon, and that the prayer of the defendants that the claim be satisfied and discharged out of the funds received by the plaintiff and the receiver should be denied.

The liability of the principals and surety on the supersedeas bond

became absolute when the judgment was affirmed and payment thereon was in default. (*Harris v. Elevator Co.,* 66 Kan. 372, 71 Pac. 804, 4 C. J. 1280, 1298.) The claim that defendants were entitled to have the funds in the hands of the receiver applied on their liability upon the supersedeas bond did not constitute a valid defense. The receiver was not appointed in the case in which the judgment was rendered. He was appointed in a subsequent suit between the same parties and the title to the property and assets of the insolvent defendants passed at once to him. He was the arm or agent of the court and was required to dispose of the property and distribute the assets of the estate as the court in that case directed. Claims against the estate or the funds derived from it by the receiver must be presented to and approved by that court before payment from the assets could be made. It was the function and duty of that court to supervise and direct the conduct of the receiver and make all necessary orders as to the rights of claimants, including any existing rights of priority and preference. No claim was ever presented to the court to have payment of liability on the bond paid out of the assets in the hands of the receiver, if indeed any such application could have been considered. Anyone claiming a part of this fund which was *in custodia legis* should have applied to the court in the proceeding in which the receiver was appointed. The defendant, Bramblett, was not a party to that action and neither he nor the Robsons had any right in this action to require a disbursement of the fund or the application of other assets in discharge of their liability upon the supersedeas bond. When the matter of distribution comes before the court there may be priority in some of the claims against the fund, as, for instance, the expenses of the receivership, and no distribution can be made until these questions are determined by the court in the case in which the receiver was appointed. The defendants say they directed the receiver to pay from the fund in his hands the judgment involved herein, but they had no right or authority to control the action of the receiver in the matter of the disbursement of the fund. No claimant can insist on a share of the fund or interfere with the receivership except by order of the court appointing the receiver. (*Cramer v. Iler,* 63 Kan. 579, 66 Pac. 617. See, also, *Fleeger v. Swift & Co.,* 122 Kan. 6, 251 Pac. 187.)

It appears from the finding of the court that the receiver has not at any time had sufficient funds in his hands to satisfy the judgment

rendered in the action in which he was appointed and pay the subsequent judgments for rent that plaintiff obtained. An obstacle to the defense presented is that defendants are seeking to obtain from the receiver a share of the fund then in his hands in an action in which the receiver is not even a party. Neither was the defendant, Bramblett, a party in the receivership action and, as we have seen, has never applied there for a share of the fund. Besides, it appears that he has paid nothing upon the judgment involved or in discharge of his obligation upon the bond and is not in a position of a claimant. Neither have the other defendants paid anything on the judgment. If the defendants ever acquire a right to a share of the fund, they should present it in the receivership action where the court has the custody of the fund and the control of the receiver. None of the defendants has shown any right to share in the fund nor any defense to the action on the supersedeas bond and, therefore, the judgment must be affirmed.

BURCH, J., not sitting.