No. 28,980.

Glen J. Pearcy et al., *Appellees*, v. The Bankers Mortgage Company and Harold Weir, *Appellants;* E. H. Howard, as Trustee, et al., *Appellees.*

(281 Pac. 873.)

Opinion filed November 9, 1929.

*Nelson J. Ward,* of Belleville, for the appellants.

*R. W. Turner, D. F. Stanley,* both of Mankato, and *R. E. McTaggart,* of Belleville, for the appellees.

The opinion of the court was delivered by

Harvey, J.: The Bankers Mortgage Company has appealed from the judgment of the trial court holding that it was not a mortgagee in possession of the real property in controversy. Appellant also complains of the amount found to be due it on an accounting with the mortgagor and of other findings and holdings of the court incidental to its claim of being a mortgagee in possession.

In 1924 Glen J. Pearcy was the owner of certain lots in the city of Mankato. He erected thereon a building, one side of which was to be used as a hotel and the other side for apartments. The cost of this was greatly in excess of his financial ability to pay and the building was not fully completed. Mechanics' liens were filed against the property and actions were brought in which they were foreclosed. Also, a number of personal judgments were rendered against him. As a result of these proceedings the property was sold September 15, 1924, to F. C. Drake and M. C. McCarty as trustees for the judgment creditors for the sum of $48,682.84. This sale was confirmed and a certificate of purchase, which provided an eighteen months' period for redemption, was issued to the trustees.

In October, 1924, certain creditors of Glen J. Pearcy filed an involuntary proceeding in bankruptcy against him, as a result of

which he was adjudged a bankrupt, and on August 19, 1926, he was duly discharged from debts provable against him in bankruptcy.

In July, 1925, the Pearcys began negotiations with the Bankers Mortgage Company for a loan to make redemption of the property from the judicial sale and to complete the building. The mortgage company made them a loan of $37,000, of which $28,000 was used to redeem the property from the foreclosure sale, $2,000 was turned over to plaintiff's attorneys for the payment of certain expenses, and $7,000 was to be used to complete the building. The mortgage contained a clause that the debt was to be further secured by the rents from the property. The property was leased to H. J. and C. D. Robson for ten years, at a monthly rental of $800, the first two years' rent being secured by a mortgage on their hotel furniture. This lease to the Robsons was executed by the Pearcys and by them assigned to the Bankers Mortgage Company. They also assigned the chattel mortgage to the Bankers Mortgage Company.

In order that the Bankers Mortgage Company would have the first mortgage upon the property, and by agreement with the parties interested, the matter was handled in this manner: The Bankers Mortgage Company paid to F. C. Drake and M. C. McCarty, as trustees for the judgment creditors, $28,000, and received from them an assignment of the certificate of purchase. The Pearcys executed a deed for the real property to the Bankers Mortgage Company. The Bankers Mortgage Company then had the record in the office of the clerk of the court show that they had redeemed the property from the foreclosure sale for the sum of $51,859.06, but the only sum actually paid to the clerk of the court was the amount of the court costs. The Bankers Mortgage Company conveyed the property to Lena C. Pearcy. The sum paid to the trustees for the creditors did not pay their claims in full. The Pearcys executed a second mortgage on the property to E. H. Howard, as trustee for certain creditors whose claims aggregated $7,500. They also executed a third mortgage to E. H. Howard, as trustee for certain other creditors whose claims aggregated $9,027.50. They also gave a fourth mortgage to George W. and Charles W. Pearcy to secure debts to them in the sum of $5,001.49. These instruments were recorded in such an order as to vest the record title in Lena C. Pearcy, with a first mortgage to the Bankers Mortgage Company, and second, third and fourth mortgages as above stated. Under an agreement with the Pearcys, or at least with their consent, the Bankers

Mortgage Company made a contract with the Midwest Lumber Company to complete the building for $7,000. The apartment side of the property was completed and rented to various tenants. With the consent of the Pearcys, Mr. Drake, president of the Midwest Lumber Company, acting for and on behalf of the Bankers Mortgage Company, collected rents from the apartment side of the property and remitted them to the mortgage company. The Bankers Mortgage Company looked after the completion of the building under its contract with the Midwest Lumber Company.

Lena C. Pearcy subscribed for a bond of the Bankers Mortgage Company of the face value of $84,000 and agreed to pay them $6,199.20 each year for ten years. It was estimated that the rent from the Robsons would pay the interest on the $37,000 mortgage and the annual payments on this bond. In fact nothing was paid to the Bankers Mortgage Company on this bond.

The understanding between the Pearcys, the Robsons and the Bankers Mortgage Company was that the Robsons would not pay rent on the hotel part of the property until it was completed. In February, 1926, the building having been completed, the Bankers Mortgage Company informed the Robsons that the rent would begin the first of March. The Robsons failed to pay rent, and the Bankers Mortgage Company brought several suits against them in Ellsworth county, where they could be served, and recovered judgments for rents and foreclosed the chattel mortgage upon the furniture the Robsons had in the hotel. The first one of these suits was appealed by the Robsons to this court, where the judgment of the court below was affirmed. (*Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 256 Pac. 997.) In perfecting that appeal the Robsons had given a supersedeas bond to pay the judgment in the event it was affirmed, which bond was signed as surety by J. W. Bramblett. The judgment was not paid after the case was affirmed, and the Bankers Mortgage Company sued on this bond and recovered a judgment against Bramblett, which he appealed to the supreme court, where the judgment of the court below was affirmed. (*Bankers Mortgage Co. v. Bramblett,* 128 Kan. 91, 276 Pac. 67.) In the second or third suit brought by the Bankers Mortgage Company against the Robsons in Ellsworth county, in which action it was sought to foreclose the chattel mortgage, a receiver was appointed on the application of the plaintiff to take charge of the mortgaged property and also to collect the rents from the building. The receiver

did take charge of the mortgaged property and eventually sold it under the order of the court, and he did collect some rents from the building. At the time of the trial of this case he had not been formally discharged as receiver, but some time in January, 1927, he ceased to collect any rents from the building or exercise any supervision over it.

In November, 1928, the Bankers Mortgage Company filed an action in the district court of Republic county against Glen J. and Lena C. Pearcy on certain of the interest coupons which had been executed by them in connection with the $37,000 mortgage, and caused garnishment summons to be issued to several parties in the hope of collecting something on these interest coupons.

At a hearing in the bankruptcy matter in the federal court a decision was rendered in July, 1928 (*Garber v. Bankers Mortgage Co.*, 27 F. [2d] 609), in which it was held that the Bankers Mortgage Company should account to the trustee in bankruptcy for rents prior to March 15, 1926, this being the end of Glen J. Pearcy's period of redemption in the mechanics' lien foreclosure suit. It seems that while this litigation with the Robsons was in progress there was a time when the hotel part of the property was not being operated. In January, 1927, the officers and principal stockholders of the Bankers Mortgage Company entered into a written contract with C. R. Wilson, of Emporia, by the terms of which he was to operate and manage the hotel part of the building, for which he was to be paid $25 per week. The rentals and profits derived from the operation of the building were to be applied to the necessary expense of operating the building, including heat, light and water, and other expenditures of a like nature; second, to the payment of insurance and taxes on the premises; third, to pay the interest on the mortgage to the Bankers Mortgage Company, and the balance, if any, was to be divided equally between Wilson and the officers of the Mortgage Company. Wilson took charge of the hotel and apartment building under this contract and operated it until April, 1928, at which time the Bankers Mortgage Company leased the property to Harold Weir for a term of five years at $500 a month for the first six months and $600 a month thereafter. Weir went into possession of the property under the lease and was in possession at the time this action was brought.

This action is brought by Glen J. and Lena C. Pearcy. The defendants named are the Bankers Mortgage Company and its tenant

Weir and the holders of inferior mortgages. The petition recites the transactions hereinbefore set out, or most of them, and it is alleged that the conditions of all of the mortgages have been broken in that interest and taxes have not been paid, and in some instances the principal, and avers "that plaintiffs are wholly unable to pay the sums due from them to pay and discharge said real-estate mortgages or any of them and have been and are unable to obtain possession of said real property." The petition then alleges that substantial controversies exist between the plaintiffs and the defendant, the Bankers Mortgage Company, first, in that plaintiffs contend that the lease to the Robsons terminated by the death of one of them, and that the Bankers Mortgage Company was without right to detain the use and occupancy of the real property, and that its right to receive and collect the rents terminated in February, 1927, and that the subsequent leasing to Weir was without authority, while the Bankers Mortgage Company contended that by virtue of the lease to Robsons and the assignment thereof it was entitled to possession of the real property and the rents and profits therefrom, and that the lease to Weir was a continuation of that arrangement. Second, plaintiffs contend they are entitled to an accounting of the rents and profits received by the Bankers Mortgage Company and to receive the sum found due, or to have the same applied in the discharge of the mortgage, while the Bankers Mortgage Company claims the right to receive and appropriate such rents without an accounting and to expend the same in the maintenance of the premises, or for the payment on the bond subscribed for by Mrs. Pearcy. Third, that plaintiffs claim they are entitled to an accounting for the remainder of the $37,000 loan over and above the amount paid in redeeming the property, while this claim is denied by the Bankers Mortgage Company. Fourth, plaintiffs contend they are entitled to have fixed the amount and extent of their obligations to the Bankers Mortgage Company, to E. H. Howard, trustee, and to George W. and Charles W. Pearcy, and that, on the contrary, the Bankers Mortgage Company claims to be the owner of the property, or, in the alternative, that its mortgage is a purchase-price mortgage and limited to a period of redemption of six months. Fifth, plaintiffs contend that the Bankers Mortgage Company, by the action in Republic county on the interest coupons, had elected to exercise its option to maintain and foreclose its indebtedness, while the Bankers Mortgage Company contends otherwise. Sixth, that plaintiffs con-

tend that the Bankers Mortgage Company is not, and never has been, rightfully mortgagee in possession, and was without right to appropriate and apply rents to the operation and maintenance and improvement of the property, while the Bankers Mortgage Company contends otherwise. Seventh, plaintiffs contend that they are entitled to a declaration of their rights, and the rights of junior mortgagees, to the rents, while the Bankers Mortgage Company denies such contention. It was alleged that the real property was wholly inadequate as security for the mortgage debt; that a receiver should be appointed, and on fixing the indebtedness the property should be sold and plaintiffs should have eighteen months to redeem, and allege that, as shown by the action in Republic county, they are threatened with a multiplicity of suits.

The prayer was for a judgment constituting a binding declaration of the rights of the parties and for consequential relief, for an accounting, for the foreclosure of the above described mortgages, the sale of the real property, and the allowing to plaintiffs of an eighteen months' period of redemption, and that pending the action a receiver should be appointed.

The Bankers Mortgage Company answered, setting up its mortgage and specifically the provisions of the mortgage pledging rents as additional security, the assignment of the Robson lease to it, the agreement that it should proceed to have the building completed, and other facts showing its possession of the property, and contended that it was a mortgagee in possession. It set up an accounting of moneys received and expenses paid, asked the court to adjudge the amount due it, and to fix a time within which the plaintiffs should redeem, and in default of redemption that they should be barred from any right, title or interest in the property. The holders of the second, third and fourth mortgages answered, setting up their respective mortgages, and sought to foreclose them. Weir answered that he was a tenant under the Bankers Mortgage Company. The pleadings are lengthy and it is not necessary to set them out more in detail.

When the case came on for trial, after counsel for the respective parties had made statements to the court, the court held that all matters were admitted by the pleadings and statement of counsel except the question of whether or not the Bankers Mortgage Company was a mortgagee in possession, which question he regarded as a mixed question of law and of fact. At the time of the trial the

tenant Weir was $1,500 in arrears on his rent, and the Bankers Mortgage Company had not collected its judgment against J. W. Bramblett in the action in Ellsworth county.

The trial court made findings of fact, among others that the plaintiff Lena C. Pearcy is the owner of the real property in controversy, "and that she is entitled to the immediate possession thereof;" that the Bankers Mortgage Company is not, and never has been, a mortgagee in possession of the real property, and that its only right therein was by virtue of a first mortgage lien for the principal sum of $37,000; that under an accounting between the parties the plaintiff Lena C. Pearcy was entitled to a credit of $2,683.72 to apply upon the first maturing coupon of the mortgage lien of the defendant, the Bankers Mortgage Company; that the amount due the Bankers Mortgage Company upon its first mortgage lien was, at the date of the trial, after allowing the credit, the sum of $47,163.50, and that the same bears interest at ten per cent from that date; that the plaintiff, Lena C. Pearcy, was entitled to a judgment against the tenant Weir for $1,500, "such judgment, however, when collected to be applied upon the interest of the mortgage indebtedness to the defendant, the Bankers Mortgage Company, and upon the taxes and insurance;" that Lena C. Pearcy was the equitable owner of the judgment in Ellsworth county against J. W. Bramblett, "said judgment, however, when collected to be applied upon the interest of the mortgage indebtedness of the defendant, the Bankers Mortgage Company, and the payment of taxes and insurance;" that the bond subscribed for by Lena C. Pearcy in the sum of $84,000 had, by its terms, lapsed and become void, and that no liability exists by reason thereof; that all rentals hereafter accruing from the tenant Weir should be paid to the plaintiff, Lena C. Pearcy, but should be applied by her on the payment of taxes and insurance on the premises and on the payment of the first lien thereon; that the order previously issued by the court restraining the Bankers Mortgage Company from prosecuting the action in Republic county on the interest coupons should be made permanent. The court also found the sums due the holders of the second, third and fourth mortgage liens, and decreed their foreclosure. Judgment was rendered accordingly. The Bankers Mortgage Company has appealed from all these findings and the judgment thereon, except the finding that the $84,000 bond subscribed for by Lena C. Pearcy has lapsed by its terms.

The Bankers Mortgage Company, as appellant, contends that there is no substantial evidence to support the finding and judgment of the court that it was not a mortgagee in possession. This contention must be. sustained. Plaintiffs, in their petition in this case, at some places alleged and at other places conceded that the Bankers Mortgage Company was in possession of the property and had been since September 25, 1925. Some excerpts from the petition are as follows:

"That from and after September 25, 1925, the defendant (the Bankers Mortgage Company) retained possession of the above described real property and retained and appropriated to its own use and benefit the rentals accruing therefrom. . . .

"That thereafter (March 15, 1926), and without right or authority so to do, said defendant, the Bankers Mortgage Company, wrongfully detained said real property from the plaintiffs, collected and retained to its own use and benefit the rents and profits from the apartment side of said premises from said lessees G. D. Robson and C. D. Robson, and thereafter leased said real property to the defendant Harold Weir, and retained and appropriated the rentals paid by him. . . . That plaintiffs . . . have been and are unable to obtain possession of said real property. . . . That said defendant, the Bankers Mortgage Company, was at all times without right to detain the use and occupancy of said real property, its only right thereto being as shown in said mortgage."

Plaintiffs in their petition did not at any place allege that they were in possession, neither did they allege that the Bankers Mortgage Company wrongfully entered into possession.

It is true that at the close of plaintiff's evidence they asked to amend their petition "in furtherance of equity and in conformity to the proof by excising therefrom" some, not all, of the allegations last above quoted. The court sustained the motion, but in ruling on it stated that he did not think it materially changed the claim. That the court's view was that the plaintiffs were not in possession of the property and that the mortgage company was in possession, is clearly demonstrated by the fact that the court found that Lena C. Pearcy was entitled to the immediate possession of the property, and in the judgment directed that she be placed in possession of the property, and that a writ of assistance issue for that purpose. It is clear, therefore, from the pleadings and the judgment of the court that the plaintiffs, at the time the action was brought and at the time of the trial, were not in possession of the property, and that the Bankers Mortgage Company was in possession of it and had been since the mortgage was given. It only remains to be determined in

what capacity the Bankers Mortgage Company was in possession, and whether such possession had been obtained, or retained, under such circumstances as to prevent its being a mortgagee in possession. In this connection the appellant stresses the provision of the mortgage, which reads:

"As additional collateral security for the payment of this indebtedness the parties of the first part do hereby assign to the parties of the second part the rents, profits and income of said premises until the said indebtedness shall be fully paid."

Our view of this is that it was only an agreement to assign rents, profits and income from the premises, and that it did not in and of itself have the effect of transferring possession of the property from the mortgagors to the mortgagee. Appellant also stresses the assignments of the Robson lease as a transfer of possession. Generally speaking, an assignment by the grantor of a lease does not pass the reversion and transfer to the assignee the right of possession. (35 C. J. 1218.) We shall not take time to analyze the assignment of this lease to see whether there is any reason why it does not fall within the general rule. Without regard to the provisions of the mortgage, or the terms of the assignment of the lease just referred to, the evidence discloses that immediately after the giving of the mortgage the Bankers Mortgage Company did, in fact, take possession of this property for the purpose of completing the building and leasing and collecting the rents from the apartment side. That was followed with various acts of possession, such as making incidental repairs and paying current expenses and fixing the time when the building should be regarded as completed and the Robson rent begin.

On the failure to pay that rent, and the practical abandonment of the premises by the Robsons, the Bankers Mortgage Company brought actions to collect the rent and to foreclose the chattel mortgage given by the Robsons on the personal property, and on their application a receiver was appointed for two general purposes— one to take possession of the property covered by the chattel mortgage and dispose of it under the order of the court, and the other to look after the renting and collecting of rents from the property. All of this was done with the knowledge of the plaintiffs in this action and without any remonstrance or protest from them. After the Robsons had left the property there were several months when the hotel part was not being operated, and for this time, or a part

of it at least, the Bankers Mortgage Company employed Glen J. Pearcy under the title of "janitor" to look after the property for them and paid him a salary of $50 per month. The correspondence between them and the other testimony disclosed that throughout that period the Bankers Mortgage Company was in possession of the property, collecting the rents and paying all current bills and expenses, with the full knowledge of the plaintiff in this action and with no objection or remonstrance from them.

In the bankruptcy proceedings in federal court Lena C. Pearcy filed an answer in which she alleged, among other things, that the property in controversy was in the possession of the Bankers Mortgage Company as a mortgagee in possession. Appellees contend that this was not before the court in a way that it could take notice of it, but that contention is technical and without merit. The plaintiffs in fact plead the bankruptcy proceedings and the judgment of the court therein. Defendant pleaded some of the pleadings in that case and set them out as exhibits to its answer. It is not contended that the exhibit is inaccurately quoted. The matter was really before the court, having been brought there by both the contesting parties in this action. When the receiver, who had been appointed at the request of the Bankers Mortgage Company by the district court of Ellsworth county, ceased to look after the property, the Bankers Mortgage Company, by its officers, employed C. R. Wilson to manage and operate the hotel and apartments, and through him paid all current expenses and operated the place as an owner would do. This was with the knowledge of the plaintiffs in this action and with no objection or protest from them. In April, 1928, the mortgage company leased it to the present tenant, Harold Weir, and exercised all of the activities of an owner in the paying of current expenses, repairs and upkeep. In this case the plaintiffs testified that in the negotiations for making the mortgage and the lease by the Robsons it was talked and understood between them and the representatives of the Bankers Mortgage Company that the provisions of the mortgage and the assignment of the lease would not divest plaintiffs of possession of the property. Passing the question of the competency of this evidence, it could not in any event govern the status of the parties for all time, and could in no wise affect what was actually done by the parties with respect to possession later. It seems clear from the evidence in this case that the only reason the Bankers Mortgage Company had possession

of this property was because of its mortgage. There is no suggestion in the evidence that its possession was taken or maintained under any other right, authority or theory. The possession taken of the premises by the Bankers Mortgage Company was not taken through any unlawful or wrongful act upon which the mortgagee would be estopped to found a right. It was taken peaceably, without force, for the purpose of protecting its interests as the holder of a mortgage and with the consent, and at least with the knowledge, acquiescence and lack of protest of the plaintiffs. It was such possession as comes fully within the definition of the term "mortgagee in possession," as heretofore announced by this court. (*Kelso v. Norton*, 65 Kan. 778, 70 Pac. 896; *Stouffer v. Harlan*, 68 Kan. 135, 74 Pac. 610; 84 Kan. 307, 114 Pac. 385; *Walters v. Chance*, 73 Kan. 680, 85 Pac. 779; *Jaggar v. Plunkett*, 81 Kan. 565, 106 Pac. 280; *Charpie v. Stout*, 88 Kan. 318, 128 Pac. 396; *Bank v. Myers*, 99 Kan. 60, 160 Pac. 979; *Leinbach v. Dyatt*, 117 Kan. 265, 230 Pac. 1074.)

Plaintiffs had paid no interest on this mortgage since it was given, neither had they paid insurance or taxes. The income from the property had been disappointing and its collection expensive, and out of that items for current expenses, maintenance and repairs had to be paid.

In the accounting between plaintiffs and the Bankers Mortgage Company there was some confusion in the evidence, but an analysis made of it by counsel both for appellant and for appellees makes it clear that the trial court did not take into account the insurance and taxes paid by the mortgagee. It is conceded that the mortgagee is entitled to credit upon its account for these items, and if credit be given for them, the sum due the Bankers Mortgage Company from plaintiffs at the date of the decree, March 21, 1929, was $58,483.36 instead of $47,163.50, as found by the court.

The finding and judgment of the court that Lena C. Pearcy is the equitable owner of the judgment rendered in favor of the Bankers Mortgage Company against J. W. Bramblett in the district court of Ellsworth county, the judgment when collected to be applied upon the mortgage indebtedness of the Bankers Mortgage Company, should be set aside. The right of the Bankers Mortgage Company to this judgment was determined in the actions in Ellsworth county and their affirmance by this court. There is no reason now to substitute Lena C. Pearcy as the payee of this judgment.

Neither is there any reason to substitute her as payee for the sum due from Harold Weir. The Bankers Mortgage Company was in possession of the property, had a right to make this lease and to collect the rents, giving proper credit therefor.

Since plaintiffs alleged, and thereby conceded, that the property is insufficient to pay the liens thereon, there is no equitable reason why the Bankers Mortgage Company should be enjoined from prosecuting the action in Republic county upon the coupons, and the finding and judgment of the trial court in that respect will be set aside.

Appellant argues that since plaintiffs alleged in their petition that they were not able to pay any of the mortgages against the property, and that the property was of insufficient value to pay the liens against it, their petition does not state a case authorizing the court to fix a time for them to redeem the property. If plaintiffs' petition is insufficient in that respect, the answer of the Bankers Mortgage Company is not, and it fully justifies the court to make such an order. The visionary scheme of plaintiffs to construct an expensive building with funds wholly inadequate for such an enterprise has already resulted in much litigation and financial loss, perhaps to the plaintiffs, certainly to their creditors. The litigation should be closed up as speedily as it can be, having due regard for the rights of the parties.

The judgment of the court below is reversed with directions to enter a decree that the Bankers Mortgage Company was and is a mortgagee in possession of the property, and that it is entitled to retain such possession until its mortgage debt is paid; that the sum due it on the date of March 21, 1929, was $58,483.36, and that that sum bears interest from that date at the rate of ten per cent per annum; that the Bankers Mortgage Company be authorized to collect rent from Harold Weir and the judgment against J. W. Bramblett in Ellsworth county, and also be permitted to prosecute the pending action in Republic county, the amount received from these sources and any other income from the property to be applied upon the sum due it, and that it be credited with insurance, taxes, and other proper items paid since March 21, 1929; that the court fix a time, not exceeding six months, in which plaintiffs have the exclusive right to redeem from the lien of the Bankers Mortgage Company; that the holder of the second mortgage have thirty days thereafter to make redemption, the holder of the third mortgage

thirty days thereafter, and the holder of the fourth mortgage thirty days thereafter, and that at the end of the respective periods, in default of redemption, the respective parties, and each of them, be forever barred and foreclosed from any and all right, title, or interest in, or lien upon, the real property, and the title to vest absolutely in the Bankers Mortgage Company.