No. 32,156

A. F. LEAVERTON and GRACE LEAVERTON, *Appellees*, v. THE PENN MUTUAL LIFE INSURANCE COMPANY, *Appellant*.

(39 P. 2d 349)

Opinion filed January 26, 1935.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan, Ralph M. Hope* and *John H. Hunt,* all of Topeka, for the appellant.

*A. C. Wilson,* of Oskaloosa, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to·set aside a deed given by plaintiffs to defendant, to recover the rents and profits of the land in question for the year 1933 and to eject defendant, The Penn Mutual Life Insurance Company, from the possession of the land conveyed to it by the plaintiffs. The trial court made findings of fact and conclusions of law, and rendered judgment against defendant, from which it appeals.

The plaintiffs are father and daughter. The father had mortgaged the eighty-acre tract of land in question to the defendant insurance company for $2,000 when it was improved with buildings which have since been destroyed by fire and not replaced. He later conveyed the land to his daughter as a gift, and they lived together not on the land but in town. The mortgage became due June 1, 1932. Two other parties were named as defendants—one was a trust company which acted as agent for the insurance company, and the other was the party who rented the land from the defendant insurance company for the year 1933. The judgment did not especially affect either of them and they are not concerned in this appeal.

The amended petition alleged that the deed was procured from plaintiffs in favor of defendant mortgagee by fraudulent and unfair means, they being in ill health, untrained in business matters and wholly ignorant of the procedure and effect of lawsuits, and by being put in great fear of being disgraced in their community; such fear and apprehension being engendered in their minds. by the statements and conduct of the agent of the defendant, they executed and delivered such deed to the defendant mortgagee without receiving any consideration therefor, when their equity in the land was $3,000. The second cause of action is for the fair and reasonable

rent of the land for the year 1933, which was alleged to be $450. The third cause of action was in ejectment. A copy of the deed is attached to the petition as an exhibit.

The answer admitted defendant insurance company held the mortgage and admitted the execution of the deed and denied all other allegations, and especially denied the deed was obtained by fraud, unfair means or duress and without consideration.

The first six findings of fact give the history of the case, about which there is no contention, and conclude with the statement that the deed in question was executed by plaintiffs to the defendant insurance company on June 6, 1932, referring to a copy thereof attached to the amended petition. The following findings are particularly pertinent to the issues here involved:

"7. That no consideration of any kind or nature whatsoever was paid by said defendant, The Penn Mutual Life Insurance Company, to the plaintiffs, or either of them, for said warranty deed, except that plaintiffs were permitted to retain possession of said real estate until March 1, 1933, a period of eight months and twenty-four days.

"8. That at the time of the procuring of said warranty deed by the defendant, The Penn Mutual Life Insurance Company, to wit: on or about June 6, 1932, the plaintiff, A. F. Leaverton, was a man past eighty years of age, partially blind, feeble in mind and body and wholly incapable of making any business transaction. That on the same date, the plaintiff, Grace A. Leaverton, was a woman entirely without business experience and knew nothing concerning the laws of Kansas relating to mortgage foreclosures and the statutory period of redemption, and that the said Grace Leaverton had been worrying for some time over her inability to pay the interest or to make a new loan or to meet the taxes on said real estate.

"9. That said warranty deed was procured by said defendant, through and by its aforesaid agent, by unfair means in the following, to wit: (1) By failing and neglecting to explain to plaintiffs, or either of them, that they had and owned an equity of redemption to said real estate in case of foreclosure. (2) That the said Ralph Casebier, agent, as aforesaid stated and represented to the plaintiffs that in the event of foreclosure of said mortgage, the same would be given publicity and that the plaintiff would be humiliated thereby in the community in which she lived."

"12. That upon the execution of the deed involved herein the mortgage on said real estate was released by the defendant, The Penn Mutual Life Insurance Company, and said note and mortgage canceled and returned to Grace Leaverton and are still in her possession.

"13. That neither of the plaintiffs since the execution of said deed has offered to the defendant, The Penn Mutual Life Insurance Company, any part of said original loan with interest and taxes.

"14. That on or about March 1, 1933, the defendant, The Penn Mutual Life Insurance Company, with the knowledge of the plaintiffs herein, entered

into possession of said land and ever since has been and now is, in possession thereof; but that possession by said defendant was acquired under such circumstances that it ought not to be permitted to retain the same.

"15. That at the time of the execution of said deed the reasonable market value of said real estate was from thirty to thirty-five dollars per acre, and that the reasonable market value of the total tract was from $2,685 to $3,130."

Finding No. 17 gives the rent for the year 1933 as $147, of which $20 has been paid to the defendant, and the balance is subject to the order of the court.

The first conclusion of law is that the deed should be canceled, set aside and held for naught. The second and third concern the payment of the two items of rent to the plaintiff, Grace Leaverton, and the following are the fourth and fifth conclusions of law:

"4. That the plaintiff, Grace Leaverton, is entitled to the immediate possession of said real estate and is entitled to the rents and profits arising from said real estate for the year 1934.

"5. That the note and mortgage held by the defendant, The Penn Mutual Life Insurance Company, and released and delivered as aforesaid, should be and the same is hereby reinstated and said note and mortgage with interest thereon, together with taxes paid by said defendant, constitute a first and prior lien upon the real estate involved herein."

In connection with finding No. 7, above quoted, about want of consideration for the deed, it is proper to notice the consideration clause contained in the deed, which is as follows:

"This deed is an absolute conveyance of title, in effect as well as in form, and is not intended as a mortgage, trust conveyance, or security of any kind. The consideration therefor is full payment of all debts, obligations, costs and charges heretofore subsisting on account and by the terms of that certain mortgage heretofore existing on the property herein conveyed, executed by A. F. Leaverton, a widower, to The Central Trust Company, recorded in Book 149, page 30, of the official records of Jefferson county, Kansas, this conveyance completely satisfying said obligation and terminating said mortgage and any effect thereof in all respects."

The Central Trust Company herein mentioned was one of the other two defendants and acted as the agent for the defendant insurance company. There is no controversy as to the conveyance reaching the mortgagee insurance company.

The appellant seriously questions the last clause of finding No. 14 as to its being a fact found by the court, urging that it is more nearly a conclusion of law. It states a conclusion as to possession acquired "under such circumstances." The only circumstances as to acquiring possession is in finding No. 7, where it is said plaintiffs were to retain possession until March 1, 1933, eight months and twenty-four

days after the date of the deed to defendant. Besides, it states practically the same conclusion as in conclusion No. 4, that plaintiff is entitled to the immediate possession. We think there is merit in appellant's contention that the last part of finding No. 14 is a conclusion of law rather than a finding of fact.

Appellant urges that finding No. 7, to the effect that there was no consideration for the deed except the permission to retain the possession of the land for eight months and twenty-four days, is necessarily contrary to the evidence, when the copy of the deed attached to the petition plainly showed the consideration to be the full payment and cancellation of the mortgage debt upon the land. It is difficult to understand how this written evidence could be wholly ignored in making finding No. 7, and if want of consideration was the only ground upon which plaintiffs based their right to set aside this deed, we might properly further consider this very apparent omission in the finding as to consideration, but even if there was this further consideration found, there remains the other feature of fraud, unfair means and duress which alone would be sufficient, if established and found, to sustain the finding that the deed was procured by unfair means as found in finding No. 9. The evidence was conflicting concerning this matter, and there was sufficient evidence, if given credence, to support that finding. The rule is uniform that our duty in reviewing such findings ends where we find sufficient evidence to support the finding made by the trial court. The conclusion based upon such finding as to fraud and duress necessarily follows to the effect that the deed thus procured must be set aside.

There was no conflict as to the amount of rent for the year 1933, and with the deed set aside, the findings and conclusion as to the rent for that year must be sustained.

As to the matter of ejectment, we are left without any finding as to those circumstances to which reference is made in the closing part of finding No. 14, which it is there stated are such as ought not to permit the mortgagee to retain the possession. If it refers to constructive possession or the agreement to surrender possession, the approval of the trial court's findings of duress and unfair means in procuring the deed would carry with it the right to possession. Possibly even the agreement to permit plaintiffs to hold possession for eight months and twenty-four days thereafter might suffer the same fate, but plaintiffs do not request that, but claim the daughter had the right to possession as a part of the eighteen-months period of redemption she could claim in a foreclosure proceeding.

The first part of finding No. 14 is that the mortgagee on March 1, 1933, with the knowledge of the plaintiffs entered into possession of the encumbered property. This surrendering of possession voluntarily nearly nine months after the execution of the deed, the execution of which was induced by duress and misrepresentations, is no part of that original transaction, however irregular it was, and there is no finding as to any undue influence, duress or fraud in acquiring this possession. Besides, we do not find any questionable conduct stated in the abstract or counter abstract as to the matter of acquiring this actual possession nearly nine months after the conduct of which complaint is made. The only circumstance mentioned in connection with the acquiring of this actual possession is that it was with the knowledge of the plaintiffs. There was no finding of fact which would support the conclusion of law No. 4, to the effect that Grace Leaverton was entitled to the immediate possession, nor the conclusion to the same effect attached to finding of fact No. 14.

In the case of *Pearcy v. Bankers Mortgage Co.,* 129 Kan. 163, 281 Pac. 873, there was evidence of something being said about the legal possession of the property when the mortgagee, with the knowledge of the owner, took possession because of the failure of the rents to pay the taxes, interest and expenses, and it was said in the opinion—

" . . . it could not in any event govern the status of the parties for all time, and could in no wise affect what was actually done by the parties with respect to possession later." (p. 172.)

In *Bankers Mortgage Co. v. O'Donovan,* 137 Kan. 309, 20 P. 2d 809, it was held:

"A mortgagee in possession after condition broken is entitled to remain in possession until the mortgage debt is paid. . . ." (Syl. See, also, *Capitol B. & L. Ass'n v. Dobson,* 134 Kan. 518, 7 P. 2d 64.)

In the case of *Sallee v. King,* 128 Kan. 270, 277 Pac. 49, it was held:

"Under all the authorities a mortgagee in possession may remain in possession until the debt is paid, although foreclosure becomes barred by limitation." (p. 272.)

In this connection *Kelso v. Norton,* 65 Kan. 778, 70 Pac. 896, and *Stouffer v. Harlan,* 68 Kan. 135, 74 Pac. 610, are mentioned. In each of these cases last cited there was a defect in the foreclosure proceedings, the defect in the latter case was in the omission by the district clerk to attach the seal of the court to the order of sale, and it was there held:

"A mortgagee of real property in possession of the mortgaged premises after condition broken may not be dispossessed without the payment of the mortgage debt, unless his possession was acquired under such circumstances that he ought not in equity to be permitted to retain it. . . . " (Syl.)

It will be noted that the addition to finding of fact No. 14 is literally copied from this syllabus, and counsel for appellees relies largely upon the discussion in this opinion of possession obtained by fraud or duress being an exception to the general rule. There being no fraud whatever in that case, the reference to fraud and duress was merely noted as a possible exception to the general rule. Of course counsel for appellees applies this exception to the facts in this case found by the court with reference to the procuring of the deed nearly nine months before actual possession was obtained with the knowledge of the appellees, but as stated before, there are no findings of fraud, duress or unfair means as to the obtaining of the actual possession, and defendant is a mortgagee in possession, and ejectment cannot be maintained against a mortgagee in possession without a payment or tender of the full amount due on the mortgage indebtedness.

The judgment is affirmed as far as it relates to the setting aside of the deed and the recovery of the rent as found for the year 1933, but it is reversed in so far as it attempts to eject the defendant from the land. The trial court should modify the judgment of the court heretofore rendered by recognizing the appellant as a mortgagee in possession and fix a reasonable time in which appellees, or either of them, may redeem the property from the mortgage indebtedness, or be forever barred.

It is so ordered.